IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT COURT OF ERIE PENNSYLVANIA

---

Geronimo fraticelli rosado, JR.  ; COMMON LAW COMPLAINT;

_____  ; CIVIL NO; _17-205_ ,

   Plaintiff.     ; JURY TRIAL DEMANDED (COMMON LAW JURY)

       VS.  ; Magistrate Judge; Susan Paradise Baxter (JURISDICTION);

(SCI DALLAS)

JANE DOE (LAW LIBRIAN), MS. MOONEY, GOYNE, CAPATAIN PALL, ROBIN LUCAS,   JOHN DOE OPTOMETRIST DALLS, LAWRENCE P. MAHALLY, LORETTA, STANISH, LESKOWSKY, LEA MARTIN, MAJOR GORDON, WETZEL,

---

       Defendants.

(SCI CAMP HILL)

JOHM E. WETZEL, DAT'S KACHURICK, SCOTT, MOORE, WEIS, QUERRY, SKUM, FRANKHOUSER, SIMPSON, JANE/JOHN DOE FACILITY MANAGER (2013), GERGERLY, K.P. REISINGER, BERNIE COMISKY, JOHN/JANE DOE HEAD OF SECURITY, JANE/JOHN DOE HEAD OF CLASSIFICATION CENTRAL OFFICE, JANE/JOHN DOE GRIEVANCE COORDNIATOR.

---

       DEFENSANTS.

(SCI FOREST)

DOCTOR PIERSON, DOCTOR VIRGIL, JEFFREY BEARD;

---

       DEFENDANTS.

INDIVIDUALLY AND {H}IS OR {H}ER OFFICIAL CAPACITIES AND (JURY TRIAL DEMANDED BY COMMON LAW) ON ALL MATTERS;

Plaintiff reserves the right file amended complaint and further request for this complaint be in conjunction with civil complaint in the eastern district Amended complaints file same day;

1.

1. This is a common law civil complaint authorize by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secure by the constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343 (a), (3), 504 of the rehabilitation act of 42 U.S.C. 12102 (1), (3), 42 U.S.C. 12102 (4), 12102 (4), (e),(ii), {ADA} act. Plaintiff, constitutional rights have been violated, infringe, and disregarded by mere negligence and medical liability concluding the FIRST, EIGHTH, and FOURTEENTH amendment, plaintiff seeks declaratory relief pursuant to 28 28 U.S.C. section 2201 and 2202 and injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 Fed.R.Civ.P.

2. The, {WESTERN DISTRICT} of Pennsylvania is an appropriate venue under 28 U.S.C. section 1391 (b), (2), because the events giving rise to claims occurred at S.C.I. DALLAS and therefore continued to occur concurring Civil Action No; (09-0156) before the Honorable Magistrate judge, Ms. Susan paradise Baxter.

3. Plaintiff, geronimo rosado, fraticelli JR. is and was at all times mentioned herein a prisoner at the state of {PENNSYLVANIA}, in the custody of the {DEPARTMENT OF CORRECTIONS}, and was currently confine at SCI DALLAS an ex-inmate (LA5835), plaintiff was release on August 26th, 2016, upon total confinement and therefore resides at 401 w. gay st, west Chester, pa. 19380, while both institutions rendered plaintiff WAS NOT legally blind records show in 2017 plaintiff was in fact rendered legally blind, and continues suffers an injury to eye, and a period of 9 months seeking counsel proven unsuccessful.

4. Defendant, {JOHN E. WETZEL}, is head of corrections, director, and commissioner, of the state of Pennsylvania department of corrections, he is legally responsible for the overall operations of the D.O.C. at each institution under authority, and the welfare of plaintiff, and at all times mention as defendant.

5. Defendant, {JOH/JANE DOE}, is the facility manager and or warden as superintendent at SCI CAMP HILL, legally responsible for the overall operation of the institution and plaintiff welfare, and at all times mention as defendant.

6. Defendant, {SRGNT WEIS}, is a correctional officer at SCI CAMP HILL who at all times held the unlawful rank as srgnt and assigned to K-UNIT and at all times mentioned as defendant.

7. Defendant, {SRGNT SIMPSON} is a correctional officer at SCI CAMP HILL who at all times held the unlawful rank as srgnt assigned to K-UNIT and at all times mention as defendant.

8. Defendant, {C/O QUERRY}, is a correctional officer at SCI CAMP HILL and assigned to K-UNIT and at all times mention as defendant.

9. Defendant, {C/O SKUM} is a correctional officer at SCI CAMP HILL assigned to K-UNIT and at all times mention as defendant.

10.Defendant, {C/O SKUM} is a SCI CAMP HILL correctional officer assigned to K-UNIT and at all times mention as defendant.

11.Defendant, {FRANKHOUSER} is a SCI CAMP HILL correctional officer assigned to K-UNIT and at all times mention as defendant.

12. Defendant, {BERNIE COMISKEY} is a correctional employee at the D.O.C. who at all times mention legally responsible for plaintiff liberty, welfare, and all inmates and at all times mention as defendant.

3.

13. Defendant, {K.P. REISINGER}, is a correctional administrative hearing master for disciplinary hearings, who at all times mention as defendant.

14. Defendant, {UNIT MANAGER GERGERLY}, is a correctional officer, who at all times was assigned to K-UNIT and mention at all times as defendant.

15. Defendant, {DAT'S KACHURICK}, is a correctional officer employee counselor for drug and alcohol and at all times mention as defendant.

16. Defendant, {SCOTT MOORE}, is a correctional officer of {CCPM} other at SCI CAMP HILL and at all times mention as defendant.

17. Defendant, {JOHN/JANE DOE} is the SCI CAMP HILL grievance coordinator and at all times mention as defendant.

18. Defendant, {JOHN/JANE DOE is a correctional officer who at all times held the rank as {HEAD OF SECURITY} and all times mention as defendant.

19. Defendant, {JANE/JOHN DOE} is a central office at SCI CAMP HILL legally responsible for classification and screening of placement in therapeutic community programs, and unlawfully approved, process and likewise fail to admit undergo any placement and at all times mention as defendant.

20. Defendant, {JOH DOE}, is a physician at 703 Kingston in Wilkes-Barre Pennsylvania, whom plaintiff went before due to visual problems and correction, whom held the rank as eye specialist held liable under common law negligence and medical malpractice and at all times mention as defendant.

21. Defendant, {LAWRENCE P. MAHALLY}, is the warden/superintendent facility manager at SCI DALLAS and legally responsible for the overall operations of the institution, staff, inmates and therefore at all times mention as defendant.

22. Defendant, {PALORETTA} is a nurse for SCI DALLAS and at all times mention as defendant.

23. Defendant, {DR. STANISH}, is a doctor at SCI DALLAS and at all times mention as defendant.

24. Defendant, {LESKOWSKY}, is a doctor at SCI DALLAS and at all times mention as defendant.

25. Defendant, [LEA MARTIN}, is a doctor at SCI DALLAS and at all times mention as defendant.

26. Defendant, {CAPTAIN PALL}, is legally responsible for all defendants and welfare at SCI DALLAS of plaintiff and at all times mention as defendant.

27. Defendant, {GOYNE} is a correctional officer as {CCPM} legally responsible for the welfare of plaintiff at SCI DALLAS and at all times mention as defendant.

28. Defendant, {ROBIN LUCAS} is the SCI DALLAS grievance coordinator and at all times mention as defendant.

29. Defendant, {GORDON}, is legally responsible for the welfare of inmates and responsible for staff at SCI DALLAS and at all times mention as defendant.

30. Defendant, [DR. PIERSON], is a correctional employee at SCI FOREST civil action no (09-0156) and legally responsible an eye specialist physician and at all times mention as defendant.

31. Defendant, [DR. VIRGIL}, is the surgeon whom perform a CORNEAL GRAFT on plaintiff at SCI FOREST in 2005 and at all times mention as defendant.

32. Defendant, [JANE DOE} is legally responsible for issuing and interviewing and scheduling for inmate glasses and at all times mention as defendant.

33. PLEASE BE ADVISE,' each defendant is sued individually and in {H]is or [H]er official capacity, jury trial demanded under COMMON LAW and plaintiff further REQUEST;

A. TO PLACE CIVIL ACTION CA-09-0156 BACK TO ITS JURISDICTIONAL PROCEEDINGS AND OFF {MOOT]

B. AND REQUEST FOR SAID CIVIL ACTION BE AMENDED TO THIS SUIT LIKEWISE REAMENDED TO THE CIVIL ACTION FILED IN THE EASTERN DISTRICT UNDER ONE TRIAL UNDER COMMON LAW.

34. This, is a civil action filed by an ex-inmate confine at SCI DALLAS whom was release on August 26, 2016, and while an inmate was retaliated for seeking medical treatment, discriminated, and therefore place in segregation in connection and mistreated, plaintiff exhausted administrative remedies, likewise denied programs to be eligible for parole, denied access to treatment and tinted glasses, moreover denied medical treatment through mere negligence and fabrication of medical records, while confine at SCI DALLAS was restricted to move forward with civil suit due feeling and smelling death as officials acted in concert and therefore through malice continued to threaten plaintiff liberty and subsequently plaintiff felt death around the corner and witness officials killing an inmate close to plaintiff while confine in solitary confinement ISRAEL GUZMAN announced D.O.A. as he hang himself but officials kill this inmate period, in connection upon release registered with the social security office due to vision and was rendered legally blind as of 2017 and therefore through falsification of records of SCI DALLAS and SCI FOREST records show cause to move forward with suit and likewise place ca-09-0156 back to its original proceedings and off {MOOT} the issues are complex, facts, and not in dispute and both complaints shall prevail and concur any B (12) motions and or Fed.R.Civ.P. Rule 56 (c) as material facts and DEMANDS A COMMON LAW TRIAL on all issues, plaintiff attempts seeking counsel proven unsuccessful 9 months proven unsuccessful as no attorney seeks to challenge the D.O.C. which is a conflict of interest and therefore moves to file this matter NOT PRO-SE but as a injure party seeking compensation and due to conducting both civil cases filed same day and due to vision problems has submitted this matter promptly with due diligence moreover the complaint was rewritten as the original was completed at SCI DALLAS but due to ongoing issues of liberty moves forward with suit now and upon the SOCIAL SECURITY ruling and Doctors decision plaintiff legally blind makes this matter timely and with cause.

5.

# STATEMENT OF CIVIL 09-0156 ACTION;

35. This, is a civil action which stems from a CORNEAL GRAFT underwent on Dec 14, 2005 by Defendant Virgil referred from Physician Defendant Dr. Pierson, the corneal graft underwent was perform to right eye, while at SCI FOREST and in addition before surgery enter the D.O.C. in 2005 during that period during classification during the {CDCC} classification process several testing must be conducted, subsequently during the classification process several attempts made and proven malice through mere negligence on behalf of all defendants,

36. in connection several request and complaints were conducted advising the defendants unable to see computer, and legally blind, but defendants declare to undergo testing or be place in ADMINSTRATIVE SEGREGATION for refusing orders.

37. However, during testing subsequently being unable to see, therefore just click away as unable to read screen, and likewise just mark off anything and consequently score a (9) and consequently place in therapeutic community program, that by reference to state law and the 7.4.1. therapeutic community policy states an inmate who Cannot read or see is prohibited and shall be given an alternative program, but fail to do so.

38. therefore, coerce by deception to undergo testing and complete testing despite being legally blind that did not matter to defendants and failure to complete would place in solitary confinement. The record reflects such score of high intense of therapeutic community and upon further review here the D.O.C. utilize plaintiff to undergo programing for federal funding rather the necessity of proper placement and treatment.

39. Wherefore, plaintiff does not dispute parole is a privilege in conducting this matter must be place in programs to be eligible for parole,  however, through mere negligence the D.O.C. unlawfully place therapeutic community placement to be eligible for parole,  the mere fact defendants diagnose programing disregarding doctors' orders and records is a complete disregard to the seriousness and gravity that plaintiff is legally blind amounts beyond the scope of mere negligence with the intent knowingly knowing without due process of law to achieve federal funding.

40. upon completion of testing at SCI CAMP HILL was transfer to SCI FOREST upon admission was brought to Defendant dr. Pierson optometrist whom was unable to compel any visual correction and referred further testing before defendant dr. Virgil concluding the corrective process rendered plaintiff legally blind and schedule a CORNEAL GRAFT surgery that as a result proven unsuccessful and therefore diagnose an infected corneal graft with cataract and likewise infectious disease which periodically breaks out to right eye with rash and loss of visual sight to left eye as a result continues be blind..

6.

41. plaintiff, subsequently continues face and undergo the foregoing symptoms with vision as a result of surgery;

a. impaired vision to both eyes with zero vision to left eye;

b. no corrective sight to left unless undergo corneal graft;

c. continues feel stiches with discomfort to right eye;

d. continues need cataract surgery to right eye as a result of corneal graft;

e. colors appear in shapes, lines, colors, which don't exist;

f. both triggered by outside and indoors with loss of sight;

g. can't make out faces;

h. can't see far, up close and read with material directly in face;

i. can't see with bright lights indoors and outdoors;

j. undergoes headaches either eye with discomfort of pain;

42. while at SCI FOREST a serious of obstacles was underwent to seek alternative programing placement while defendant Whitmyre continued to fabricate and manipulate records while falsifying the record resulted in no program completion and or eligibility for parole.

43. therefore, plaintiff was interview by said defendant numerous occasions while defendant continued to disregard the seriousness and gravity for which plaintiff legally blind Whitmyre in fact persuade herself that such programing was mandatory and further resulting failure comply be denial of program for refusal. And subsequently advised plaintiff that dr. Pierson approved T.C. placement which was untrue, and in fact dr. Pierson recommended dr. Virgil due to the nature and gravity of the diagnose being legally blind.

44. however, defendant Stephanie Whitmyre reinter view and stated for plaintiff to get a doctor's order in writing for alternative programing. Upon surgery after several encounters with defendant Virgil on or about January 6, 2006, plaintiff was transferred with a DC-135-A inmate request and said defendant concluded the facts for Whitmyre, ROSADO SHALL NOT BE PLACE IN PROGRAM DUE TO HISTORY OF IMPAIR VISION AND LEGALLY BLIND AND GLASSES CANNOT BE PROSCRIBE. But Whitmyre conclusion afterwards was a clear indication never had no intentions to compel request.

45. therefore, upon arrival plaintiff presented the matter requested upon doctor's order, said defendant ordered plaintiff back to his cell, and advised a copy will be made and return, a short while later no copy was return and rendered the order was done error.

46. in connection plaintiff was never issued programing, in fact during such period (37) request submitted seeking program and denied, consequently Rachel springer from the parole department was contacted and placement was made shortly after. However, upon being place in program

7.

47. a grievance was submitted [232193] seeking the 7.4.1. policy and that per policy prohibited to participate in program and that such policy was removed from law library and wrote Jeffrey beard so no retaliation takes place while complaining with attachment of grievance in connection filed grievance [230761] and subsequently on June 13th, 2008, after coming back from lunch, plaintiff encounter defendants Lipchey, Zofcin, Lee, staring in disapproval.

48. likewise, on June 16th, 2008, officer Thompson appear at plaintiff cell in a intimidating way, therefore stating Quote,' [ROSADO, YOU LIKE FILING PAPPER WORK ON MY UNIT TEAM, WHY DO YOU HAVE YOUR TELEVISION ON, STEP OUT CELL NOW, WALK DOWN TIER NOW, ROSADO READ HOUSE RULE (14) NOW! Plaintiff stood there in position of attention, while said officer yell and spite on plaintiff so close in face read the house rule, but plaintiff refuse and was ordered to lock in cell.

49. as plaintiff entered cell defendant Thompson continued slam the door [7] times while it open and close, therefore, stating Quote,' ROSADO, I HOPE YOU KNOW I FELT INTIMIDATED, this security was call and escorted to solitary confinement. The television was not on, nor at any time was the television on.

50. on June 16th, 2008, plaintiff was discriminated, retaliated, and issued a fabricated misconduct and place in solitary confinement. The, key elements are clear said grievances filed to justify the placement of T.C. took adverse action against plaintiff.

51. however, grievance [232193] was never answer, and grievance [230761] was the factor violating plaintiff rights, consequently defendant k.p. Reisinger violated plaintiff due process rights and simply confine with defendant to compel the fabricated misconducted conclusion guilty. And after hearing grievance [230761] was concluded [moot] due to in R.H.U. status awaiting hearing, upon release from R.H.U. trigger plaintiff to file multiple grievances (10) at a time.

PLEASE BE ADVISE,' by reference paragraphs [35] through [51] reflect civil action 09-0156 money damages are never moot and therefore the request to combine and reopen said civil suit back to its original proceedings shall be respectfully granted. In this action submitted hereto shall be [HEADS] and [TAILS] plaintiff rights were violated.

# STATEMENT OF CASE AND FACTS;

52. on May 29th, 2013, plaintiff re-enter the D.O.C. under inmate DC# LA5835, upon SCI CAMP HILL (CDCC) processing, underwent a serious of testing understanding the stigma in 2005 under GK3993 undergoing testing, the testing was completed squinting and straining eyes to avoid the problems through paragraphs (35) through (51), in connection under DC#LA5835 serving a 1 to 3 year sentence, upon classification was place a level (3) custody.

53. however, during testing plaintiff advise defendant Kachuric of vision, but was advised to submit a sick call and testing will be completed and failure to so will be issued a DC-141 misconduct for refusal, moreover nothing in the record states you have visual problems and was screen by medical, therefore, undergoing testing squinting and straining likewise completed testing while understanding the repeated events of 2005 cannot proceed again.

54. therefore, on August 5th, 2013, defendant Kachuric call plaintiff back to his office and conducted a re-evaluation in what he believes that the testing conducted through screening was manipulated and re-evaluated through a prior T.C. score of (9) and stating that due to such prior score and the one recently underwent the basis of this conference is to inform plaintiff of T.C. placement base on the T.C. score of (9) in 2005.

55. as plaintiff disagree with defendant decision it was noted that Kachuric looking on computer made a facetious comment plaintiff while t SCI FOREST and as plaintiff attempted to look at the computer to view picture, this said defendant stated Quote,' STAND AND FACE THE WALLAND FOR THE REMAINDER OF INTERVIEW YOU WILL STAND UNDERSTOOD?, AND FAILURE TO DO SO WILL BE A DIRECT RESULT OF REFUSAL AND ISSUED A MISCONDUCT UNDERSTOOD, I DON'T WANT YOU LOOKING AT PICTURES OF MY WIFE ON MY COMPUTTER.

56. subsequently plaintiff submitted grievance [473460] and defendant Comiskey responded to grievance finding no wrong doing and de minimizing the facts, and manipulating the events which are vague, confusion and frivolous that in the essence of true plaintiff if noncompliance would not of face the wall and comply.

57. therefore, during the interview process plaintiff was ask DO YOU USE DRUGS? [NO], HAVE YOU EVER GAVE A DIRTY URINE TO YOUR PROBATION OFFICER? [NO], defendant stated your lying, plaintiff, explain the courts lied, likewise SEE CIVIL ACTION EASTERN DISTRICT FILE SAME DAY.

58. Wherefore, explaining that in 2011 plaintiff took a possession of marijuana for a family member and was issued 6 months after submitting a motion to dismiss upon the court, moreover was issued 6 months' probation, moreover Renna menna took my urine which was in fact positive for marijuana which does not count for a dirty urine, during a probation violation took the stand and stated I gave her multiple dirty urines just to violate me, again I haven't smoke since 2011 and yes, I like marijuana but I do it once in a while and no I don't have a drug problem.

59. on August 5th, 2013, defendant advise plaintiff the testing conducted was manipulated, and that the prior T.C. score before is a (9) and records reflect you refuse undergo program and am assigning T.C. placement and raising your custody level, to a level (4), and further stating medical has approved you for programing. However, per policy 7.4.1. clearly states you cannot be a custody level (4) and or cannot undergo if impair or cannot read, this we conclude defendant took adverse action in connection with CA-09-0156 civil action.

60. on August 15th, 2013, plaintiff was interview by Ms. Rose whom reiterate the recommendations made by defendant Kachuric and not to file a grievance at CAMP HILL and await home jail until transfer to file a grievance said counselor upheld the recommendation.

9.

61. on September 5th, 2013, plaintiff submitted grievance [478494] in which defendants Comiskey and Kachuric continued manipulate the issues at hand and grievance process, likewise forward said grievance resolve without resolution. While an inmate on K-unit continued to be harass by said defendants, therefore sending there officers to harass and intimidate plaintiff, as attempts seeking grievances proven unsuccessful, on July 4th, 2013, plaintiff underwent a period of (30) days denied grievances, until confronted with SCI GRATERFORD facility manager, which plaintiff seek relief of legal materials thrown away related to civil action eastern district and upon that event, officials continued deny grievances so plaintiff upon transfer smuggled (20) official grievances and had inmate rains smuggle (20) grievances to SCI CAMP HILL upon transfer.

62. however, based on grievances [473460] and [478494] k-unit officials continued seek whereabouts were plaintiff retrieve grievances, while continue harass in subtle ways in connection seeking relief over medical conditions that only continued in malicious ways.

63. therefore, while seeking resolution through the grievance process defendants weis, skum, frankhouser, querry, Simpson continued harass and seek questions were is plaintiff receiving grievances from, in connection these defendants assume that grievances cannot be issued and if need be one must consult permission from these individuals and upon discretion if approved a grievance will be issued, likewise defendant Gergerly call plaintiff to her office on three attempts to advise stop filing grievances and were are the grievances coming from furthermore continuance of grievance filing will result in further consequences.

64. on September 7th, 2013, grievance [477013] was submitted, at 2;45 pm after entering from yard, defendant weis stated to your still filing grievances on my unit team, get ready for a shower. However, SCI CAMP HILL allows you to take a two-minute shower, soap on and soap off, while at camp hill plaintiff prefers to use a wash bucket and thoroughly wash off instead of entering a shower and order to get out with soap and refusal would be a DC-141 misconduct.

65. on said date defendant weis ordered both plaintiff and cellmate Romagno to step out cell, but plaintiff refuse, defendant weis came in cell and stated GET IN NOW, plaintiff refused, likewise weis left showers started at 2;50 pm yard was over at 2;45 pm, likewise all showers ended at 3;15 pm, clearly there possibly no way every inmate shower with such short period,

66. and once showers were completed, defendant weis came over the loud speaker stating Quote,' LISTEN UP K-UNIT, THERE IS NO YARD TONIGHT, YOU CAN THANK K-41 CELL ROSADO FOR THAT, AND IF ANYONE HAS A PROBLEM WITH THAT TAKE CARE OF IT LIKE YOU HANDLE BUISNESS ON THE STREETS;

67. therefore, under the basis given rise submitted grievance [477013] and since then defendants querry, weis continue throw plaintiff mail in 42-cell and 45 cell on purpose, and therefore call the SPECIAL INTELIGENCE ABUSE HOT LINE over all on going issues and be aware over any retaliation or retaliatory conduct.

68. on September 10th, 2013, defendant Gergerly call plaintiff back to the office advising to stop calling the hot line and to follow the chain of command, here plaintiff explain in explicit detail the chain of command is broken and taken adverse action against me for seeking medical treatment.

10.

69. while at Gergerly office in mitigating conversation stating Quote,' STOP CALLING THE HOT LINE ITS NOT FOR THAT AND YOU HAVE NO PROOF OVER YOUR ALLEGATIONS, moreover plaintiff requested a grievance but defendant refused stating Quote,' I HAVE EXPLAIN MATTERS TO YOU IN DETAIL, SEND ME A REQUEST WHY, AT THIS TIME NONE WILL BE ISSUED, here, defendant has refused to allow the DC-ADM-804 policy to be used, and or exhaust a complaint on the same defendants compelling the malicious acts in subtle ways.

70. However, on Sept 10th, 2013, shortly after speaking with defendant Gergerly, yard was let in, and defendant weis approach k-41 cell at the top of his lungs stating Quote; OPEN K-41 CELL, ROSADO, WHY THE FUCK IS MY LLEUTENANT BITCHING AT ME? HUH? YOU DON'T LIKE HOW I DO THINGS TO FUCKING BAD, THIS IS FUCKING JAIL IF YOU CALL THAT FUCKING NUMBER AGAIN YOULL SPEND CHRISMAS IN THE FUCKING HOLE TRY ME! WHILE IN THE CELL CONTINUED YELL THREATENING PLAINTIFF STATING FUCKING FOLLOW THE CHAIN OF COMMAND, as explain the chain of command was follow and proven unsuccessful moreover you come to my cell threatening me for seeking relief over medical condition and your using your authority under the D.O.C. retaliatory conduct policy, defendant weis left cell stating HOPE YOU UNDERSTOOD ME CLEAR.

71. on September 13th, 2013, defendant weis approach k-41 cell in a very aggressive manner do to on Sept 11, 2013, calling the hot line again reporting this officer conduct therefore once at the cell stating Quote,' ROSADO, WHAT THE FUCK DID I TELL YOU ABOUT CALLING THE HOT LINE? AND FILING GRIEVANCES, PACK YOUR SHIT NOW, YOUR MOVING TO KB-57 AND YOU ROMAGANO KA-27 CELL NOW, YOU BOTH HAVE FIVE MINUTES TRY ME.

72. therefore, defendant weis threaten plaintiff on September 13th, 2013, due to calling the hot line and filing grievance likewise on September 11th, 2013, on or about weis took adverse action against plaintiff placing in the back corner upper tier in kb-2057 far back corner,

73. on September 18th, 2013, plaintiff requested a grievance from Gergerly, and upon the 19th day of September in conversation with defendant stated no grievance will be issued and nor have I received any grievances to respond to, moreover plaintiff ask defendant why are you lying?, Gergerly stated how do you know about romagano books being held in bubble, therefore, on September 11th 2013 besides the harassment, retaliation and seeking proper placement in program complain about mail being tamper with and books being held in bubble by officers,

74. on September 20th, 2013, plaintiff was call to the staff bubble by defendants skum, frankhouser, Simpson, stating Quote,' ROSADO, WHAT GIVES YOU THE RIGHT TELL UNIT MANAGER GERGERLY WE HAVE INMATES IN THE BUBBLE, YOU ARE FUCKING SNITCH, YOU STARTED A WAR, WERE GONNA FUCK WITH YOU EVERYDAY, YOU LIKE FILING GRIEVANCES OH WAIT YOU DON'T HAVE ONE GRIEVANCE THAT IDIOT!... likewise, plaintiff advise the defendants he no snitch in fact inmate Potts your puppet jail house snitch the one and stop throwing both mine and cell mate mail in trash, and other cells.

75. on Sept 20th, 2013, said defendants crumbled plaintiff commissary pass and ordered to fetch it like a dog, moreover Quote,' YOU ARE FUCKING CRY BABY, YOU STARTED A WAR, WERE GONNA FUCK WITH YOU EVERY DAY UNTILL YOU BREAK, YOU IDIOT GRIEVANCE THAT,

76. but said defendants fail to realize one thing plaintiff smuggled (20) official grievances and Travis Raines as well upon request, therefore, on September 20th, 2013, filed grievance [479254] and as a result said defendants continued harass and subsequently deny phone calls for a period of (20) days, likewise in connection for calling the abuse hot line, moreover while defendants enforce every inmate entitle to call every (4) days, defendants took adverse action,

77. however, upon filing grievances [478494 and 473460] defendant jane/john doe place a target on plaintiff for said defendants to take adverse action, likewise having submitting grievance [479254] through the course of events, on September 20th, 2013, plaintiff raise hand to speak with defendant frankhouser during day room hours, plaintiff ask why haven't his name been call to make a call, as everyone you call goes after me, defendant stated Quote,' YOUR NAMKE NOT ON THE LIST, SIT DOWN, I SAW YOU CALL THIS MORNING, SIT DOWN, this plaintiff requested to speak to a lieutenant and stop by acting srgnt towns and explain matters and was advised Quote,' YOU KNOW WHY THERE FUCKING WITH YOU CHILL OUT, at such time frankhouser order to lock in cell now. At such time plaintiff ask why? and was advised refusal to do so will be a misconduct, plaintiff requested per-policy to call the abuse hot line.

78. at such time defendant frankhouser reacted in an aggressive manner stating Quote,' YOU MUTHA FUCKER LOCK IN YOUR CELL YOUR NOT REPORTING ME AND THAT HOT LINE ONLY FOR SEXUAL ABUSE, ROSADO LOCK IN YOUR CELL NOW!...

79. as plaintiff follows the command and locks in cell about ten minutes later a lieutenant appears at cell kb-2057, therefore, asking what happen, this once explain, that said officers continue usage of phone and continue harass me, all for reporting them on grievances and the abuse hot line,

80. at such period this LT. ask Quote,' SO YOUR NOT BEING RAPE NOR REPORTING A SEXUAL ASSAULT? plaintiff reply no, why are you asking me that? this LT. stated Quote,' according to frankhouser your reporting sexual abuse, the LT. then shook his head slam the door approach frankhouser yelling at him,

81. at such period defendant frankhouser appear at kb-2057 cell stating Quote,' ROSADO, YOU MADE ME LOOK STUPID IN FRONT OF MY LT. YOU ARE FUCKING PIECE OF SHIT, YOU MADE ME LOOK BAD, I AM TIRED OF YOUR SHIT, FILING GRIEVANCES AND CALLING THE HOT LINE, WELCOME K-BLOCK IDIOT.

82. the next few days defendants weis, frankhouser, querry, frankhouser and skum continued to come over the cell inter speaker stating Quote,' ROSADO, YOU FUCK UP NOW, YOU WANNA FILE GRIEVANCES AND CALL THE HOT LINE, YOU PIECE OF SHIT, YOU STARTED A WAR.

83. on September 20th, 2013, grievance [479254] was submitted, likewise received without a stamp and or signature as noted on record. By defendant jane/john doe, moreover on the 13th of September of 2013 ordered to move from ka-41 to kb-57 while weis stated QUOTE,' YOU FUCK UP NOW, DO NOT MOVE OR EXIT YOUR CELL.

84. PLEASE BE ADVISE,' since the course of these events plaintiff was place on cell lock down without probable cause in connection with defendants taken retaliatory adverse action to discriminate and retaliate against, plaintiff was denied phone access, visits, yard, commissary, law library, and exit out of cell showers and meals.

85. Subsequently defendants skum and Simpson continued to spite lugers of spite in food in an attempt to feed plaintiff, but the inmates watching yelling shaking the gates screaming don't eat it, as defendants approach cell, latterly spite inside food and stir it up trying feed plaintiff.

86. on Sept 22, 2013, defendants skum and Simpson stood directly in front of cell with food open tray and spite a luger inside and further advised plaintiff Quote,' TO ENJOY YOUR MEAL, t6his plaintiff reply rub it in your chest, said defendants Quote,' ROSADO, IT ONLY GETS WORSE FROM HERE, YOU FUCKING IDIOT, YOU FILE TO MANY GRIEVANCES AND CALL THE HOT LINE SO MUCH NO ONE BELIEVES YOU, NO ONE, YOU FUCKING IDIOT GONNA BELIEVE YOU.

87. on said date plaintiff ask how long is this going to continue, likewise weis stated Quote,' WHEN YOU LEARN TO FOLLOW THE FUCKING RULES LIKE EVERYONE ULSE, plaintiff remain humble in his discontent moreover, as the trays continued pile up, plaintiff requested to speak to a LT. or Gergerly but every time said defendant declare Quote,' THE INTERCOM IS FOR MEDICAL EMERGENCYS STOP HITING THE BUTTON IDIOT!...

88. However, plaintiff had taken action, as plaintiff cell mate was removed from cell and share a cell solo, likewise made a fishing line ripping a sheet to fish out under cell and place request and grievances in institution box, as all attempts (37) times seeking speak with LT. or Gergerly was unsuccessful, as plaintiff observe Gergerly in bubble likewise said defendant while Gergerly was there stated Quote,' STOP HITTING THE INTERCOM, IT FOR MEDICAL EMERGENCYS ONLY, GERGERLY DOES NOT WANT TO SPEAK WITH YOU, as other inmates stop Gergerly explaining to her to report kb-57 cell acted like she knew nothing of the sort, moreover the inmates in cell shouted he needs help, moreover plaintiff shouted to Gergerly and she responded what?, why am I on lock down going o0n three days now?, Quote,' I DON'T KNOW PUT A REQUEST TO ME, this defendant acted like she knew nothing but acted in concert,

89. as plaintiff continued seek help but proven unsuccessful created a fishing line to shoot under the cell upon another inmate whom place all matters in the institutional mail box grievances and request, upon said time on September 24th, 2013, plaintiff was found captive in kb-2057 cell at 1400 hours and ordered to place hands behind back, and plaintiff was place in AC-status by defendants Snyder and Gergerly, stemming from the request fish out screaming for help,

90. on said date while place on AC-Status plaintiff was subsequently place inside a condemn cell with piss and shit on the walls, floor, toilet, gate, completely condemn with fly's, this undergoing extreme caution as denied exchanging cell, place a shirt over face and cell neighbor executed a bar of soap to clean utilizing socks and boxers as rags to clean the cell by cleaning and then soaping everything thoroughly,

91. plaintiff, spent two hours cleaning and thoroughly rinsing cell cleaning shit and piss using socks to clean then utilizing boxers as a rag to wash everything off, the cell was completely condemned and likewise R.H.U. staff fail to provide meals stating Quote,' WHEN YOU LEARN TO FOLLOW THE RULES YOU WILL BE PROVIDED MEALS, discontent remain humble meanwhile two days no meal.

13.

92. however, while on AC-Status plaintiff was denied meals, showers, recreation and grievances, moreover, understanding the events that gave rise a fishing line cast out to seek help, while on lock down also pass a note to several inmates and one to Travis Raines to call the abuse hot line, at such surrendered a note with phone pin to call under said account, likewise defendants Gergerly and weis falsified documents, the events leading to the placement of AC-Status and the grievance process, in conclusion,

93. on September 26, 2013, while on AC-Status first these defendants found no wrong doing and to justify their retaliatory conduct, on said date consequently issued a DC-141 misconduct charging plaintiff with a violation under (40) [UNAUTHORIZED USE OF TELEPHONE] due to concurring help, were seeking help from defendants proven malice and maliciously therefore inmates was the only resolution to seek help,

94. this, plaintiff nonetheless disputes he in fact was retaliated and harass for seeking T.C. placement which escalated to other retaliatory conduct seeking resolution for medical condition, nor disputes the facts of the misconduct which stem from these events likewise leading to retaliatory subtle motive and place on lock down since September 21, 2013,

95. on September 24th, 2013, the AC-Status report goes as follows,' DC-802 BY UNIT MANAGER GERGERLY, ROSADO WAS PLACE ON AC-STATUS FOR SAFETY AND SECURITY OF HIMSELF AND OTHERS, THIS, UNIT MANAGER WILL BE CONDUCTING AN INVESTIGATION OF CLAIMS AND ACCUSATIONS MADE BY THIS INMATE.

96. on September 26th, 2013, defendants Gergerly investigation goes as follow,' DC-141 MISCONDUCT,' INMATE ROSADO WAS LOCK IN R.H.U. UNDER AC-STATUS FOR SAFETY PURPOSE AND INVESTIGATION. THIS UNIT MANAGER GERGERLY RECEIVED INFORMATIONS DURING THIS INVESTIGATION THAT INMATE ROSADO GAVE INMATE FISHER A NOTE TO READ OVER THE SEXUAL ABUSE HOT LINE, USING INMATE ROSADO PIN, THE PIN LISTED ON NOTE, WAS LISTED INMATE ROSADO PIN, THE PIN LISTED WAS [648514], THE PIN COORDINATOR CONFIRMED THE PIN, WAS IN FACT ROSADO, SEE ATTACHED,' LETTER THAT INMATE FISHER LB7689 HANDED TO SRGNT WEIS, INCIDENT REPORT DATED SEPTEMBER 23, 2013, AND PHONE LIST WITH INMATES ROSADO NOTHING FOLLOWS.

97. Quote,' REMAIN PRESSENT STATUS IN R.H.U. PENDING DISPOSITION BY HEARING EXAMINER UNDER INVESTIGATION SINCE SEPTEMBER 24TH, 2013, BY UNIT MANAGER GERGERLY.

98. however, on September 22, 2013, srgnt weis received said note from inmate fisher, but fail take action one because weis would trigger matters true, moreover there was no telling who actually call on plaintiff behalf, this the misconduct received was never issued by weis because there was no basis for a misconduct likewise defendants Gergerly and weis fabricated the truth through tainted evidence of their own wrong doing and to justify their actions issued a misconduct and restraint plaintiff under solitary confinement without due process of law.

99. on September 27th, 2013, defendant Gergerly appear at cell, stating Quote,' ROSADO, AM RETURNING WHAT APPEARS TO BE INMATE REQUEST, I WILL NOT ANSWER INLESS ON A GRIEVANCE, plaintiff reply they are on grievances and you not reply nor forward them,

100. Quote,' I NEVER RECEIVED YOUR GRIEVANCES AND OR REQUEST, ROSADO ARRANGMENTS HAVE BEEN MADE FOR TRANSFER SOON OK. Plaintiff advised Gergerly she should have kept these requests. On September 30th, 2013, plaintiff underwent the hearing examiner known as defendant K.P. Reisinger from prior (09-0156) in connection grievances [230761 and 232193] being the vocal point to the retaliation on June 16th, 2008, in which defendant convicted plaintiff without investigation and or calling witness to hearing and denying all due process to validate and warrant a fabricated misconduct.

101. on September 26th, 2013, undergoing misconduct hearing before K.P. Reisinger defendant help all charges upholding officers misconduct as sufficient to support the investigation and misconduct, plaintiffs due process rights violated as no witnesses were call and the misconduct stems from the officers malice subtle retaliatory motives and discrimination, moreover the hearing examiner upholding matters and failing to investigate and bring witnesses denied due process likewise taken adverse action for (CA-09-0156) civil complaint, plaintiff then file an administrative appeal and was denied.

102. on October 2, 2013, plaintiff was transferred to SCI DALLAS but before the transfer while at SCI CAMP HILL was advised to sign a property inventory sheet for evaluation to go over inventory before transfer, this, plaintiff was transferred and on October 4th, 2013, a complete inventory was conducted, in connection [485542] was submitted do to misconduct removed from property,

103. therefore, grievance [482317] converted to [485542] defendant Scott Moore stating Quote,' UPHOLD IN PART AND DENIED IN PART, I HAVE REVIEWED THE ISSUES IN THIS GRIEVANCE AND SPOKEN TO UNIT MANAGER WHALEN AND R.H.U. PROPERTY STAFF, YOU STATE THAT YOUR PROPERTY WAS INVENTORED BY STAFF AT SCI DALLAS FOLLING YOUR TRANSFER THEIR THE PAPPER WORK PERTAINING TO MISCONDUCT [B333300] WAS MISSING, BASED ON THE TIME FRAME THAT YOU WERE PLACED IN R.H.U. UNDER INVESTIGATION, THE ISSUANCE OF THIS MISCONDUCT AND THEN EVENTUAL TRANSFER, IT IS CONCIEVABLE THAT YOU HAD NOT RECEIVED THEM BEFORE TRANSFER, YOU SHOULDVE PACKED THEM WITH YOUR THINGS UPON READIED TRANSFER, OUT OF SCI CAMP HILL, IN ANY CASE, I AM ATTACHING A COPI OF MISCONDUCT, YOUR VERSION, AND HEARING RESULTS, AS OF DATE OF RESPONSE, I NOTE YOU ARE CURRENTLY ON WRIT AT CHESTER COUNTY, AND HAVE BEEN SINCE 11/15/12 IF YOU ATTACH A COPI OF THIS RESPONSE TO EXPLAIN DELAY,I CONSIDER THIS MATTER RESOLVED.

104. on January 11th, 2014, plaintiff appeal the misconduct to overcome [482317], converted to [485542], the attempt prove unsuccessful, the attempt fell short upon transfer, while in R,H,U. john doe made plaintiff sign the inventory sheet stating the property will be bring for your review after count, that was falsified and no inventory took place.

105. however, according to DC-ADM-804 states DC-801 and 802 cannot take place through DC-ADM-804 the procedure was for defendants and Moore forward to P.R.C. to trigger appeal rights therefore both violated plaintiff rights. Understanding the elements of grievances, the response concluding this matter was vague confusion and frivolous denial of due process.

106. on October 3, 2013, upon appeal process plaintiff seek half time from R.H.U. status,

107. on October 4th, 2013, another requested submitted upon counselor Cicerchia and unit manger Jose fowitz seeking misconduct materials do to being removed upon transfer.

108. on October 7th, 2013, submitted a request to R.H.U. LT. in seeking copies of misconduct, and on said date inmate records response vague as Quote,' MATERIALS DATED 9/24/2013 SCI CAMP HILL WILL COST YOU $15.00 FOR COPIES and on that date, was approved for R.H, U, release.

109. on October 18th, 2013, was release from R, H.U. and in to general population, upon arrival plaintiff was call to j-unit bubble and advised by the unit manager Putnam to follow the chain of command and welcome to DALLAS we run things here different so follow the chain of command.

110. plaintiff explain to Ms. Putnam the chain of command was explicitly follow and therefore seeking help through the chain of command over T.C. placement proven unsuccessful moreover seek the grievance procedure and subsequently discriminated and retaliated against. Moreover, Ms. Putnam stated to seek a sick call and follow chain of command.

111. on May 5th, 2013, upon not hearing from medical, plaintiff submitted a sick call, the sick call goes as follows,

A). I AM REQUESTING BE REVIEW DO TO ON DECEMBER14TH,2005, UNDERWENT A CORNEAL GRAFT, THE CAMP HILL OPTOMETRIST PLACE A REFERAL TO SCI DALLASAWAITING HOME JAIL. THIS, SEEKING REMOVAL AND EVALUATION OFF T.C. PLACMENT AND RESTSIS EYE DROPS.

112. on December 14th, 2005, plaintiff underwent a corneal graft to right eye, and lawfully proscribe restasis to help reproduce tier function and discomfort moreover restore tissue, due to the right eye unable to produce natural tears. However, artificial tears would only cause damage and discomfort to eye, while at sick call defendant Loretta advised to contact defendant lea martin over the matter. On May 16th, 2014, a request was forward.

113.  plaintiff, was then referred to the DALLAS optometrist referral from camp hill, likewise, this individual then referred to defendant JOHN DOE at [ 701 Rutter ave, Kingston pa, ], Stating Quote,' ROSADO, AM REFERRING YOU TO A PHYSICIAN, I CANNOT CORRECT AND OR ISSUE CORRECTIVE PROCESS DO TO YOUR INPAIRMENT AND GLASSES WILL INPAIR YOU MORE.

114. PLEASE TAKE IMMEDIATE NOTICE,' on or about December 20th, 2014, plaintiff was brought before john doe stated above, likewise transported by both officer rose and john doe, on said date defendant Loretta stated Quote,' rosado, such claims are untrue, you never went to an outside physician from sci Dallas, there is no records of your claims, moreover you will not be issued restasis, the record does reflect you refuse gas permeable contacts.

115. plaintiff, advised defendant indeed underwent john doe and its latterly 15 minutes down the road besides the long Ryde said officers underwent to kill time which had me dizzy, Loretta then told plaintiff Quote,' ROSADO, DO NOT ARGUE WITH ME YOU DID NOT GO PERIOD....

116. PLEASE TAKE FURTHER NOTICE,' on said date plaintiff was transferred from SCI DALLAS to defendant john doe without a medical records or chart, said defendant upon evaluation stated Quote,' HOW IM I TO EXAMINE THIS INMATE WITHOUT ANY MEDICAL CHART OR KNOWING HIS CONDITION PRIOR TO THIS EVALUATION? officer rose call SCI DALLAS and place Dr. Stanish on the phone for john doe speak with.

117. and during this phone call as Quote,' I HAVE INMATE ROSADO HERE WITH NO MEDICAL RECORDS OR CHART, I DON'T KNOW WHAT YOU WANT ME TO DO, OH, OK, I SEE, WELL HIS CONDITION SERIOUS, HE HAS NO CORRECTIVE PROCESS TO LEFT EYE, AND REQUIRES A CORNEAL GRAFT, AND HIS RIGHT EYE CATARAX SURGERY, OK, I SEE, THAT'S FINE, UNDERSTTOD BYE.

118. upon said evaluation plaintiff seek john doe issue a recommendation over the T.C. placement, this john doe stated Quote,' MR. ROSADO I DON'T UNDERSTAND WHAT YOU WANT ME TODO FOR YOU, YOUR LEFT EYE NEEDS A CORNEAL GRAFT, YOUR RIGHT EYE CATARAX SURGERY, AND HIGHLY RECOMMEND, I CANNOT ISSUE YOU GLASSES, YOU CLAIM YOU TRY GAS PERMIABLE CONTACTS, IDONT HAVE YOUR RECORDS, AS FOR THREAPUTIC COMMUNITY I CANT RECOMMEND AND OR AUTHORIZE TODO SO, I HAVE STRICT ORDERS TO ISSUE AN ALTERNATIVE CORRECTIVE PROCESS TO SEE, EVEN IF I WANTED TO, THEIR NOT GONNA FOLLOW MY ORDER AND DO OTHERWISE, SORRY WISH I COULD HELP, BUT CANT.

119. on or about August 18th, 2014, plaintiff was brought back to defendant whom stated Quote,' MR. ROSADO, WE ARE HERE TO ISSUE YOU GLASSSES ORDERD BY DR. STANISH,' plaintiff, advise john doe, I sincerely hope you are not wrongfully proscribing me glasses after rendering on the 20th of August glasses would only impair my vision and glasses cannot be proscribe, you have strict orders by Stanish to wrongfully proscribe me glasses to manifestly place me in T.C. program please note if you decide to do so ill place a lien on you and freeze all your assets.

120. therefore, john doe stated Quote,' WHAT? Likewise, officer rose stated Quote,' DUDE WHAT HE TRYING SAY IS IF YOU WRONGFULLY PROSCRIBE HIM GLASSES HE WILL PLACE A LAW SUIT AGAINST YOU, TRUST ME I READ HIS RECORD, HE NO JOKE.

121. this, defendant john doe then stated Quote,' I CANNOT ISSUE HIM GLASSES IT WOULD ONLY IMPAIR HIS ABILITY TO SEE, I AM CALLING DR. STANISH IMMEDIATELY, AS GLASSES CANNOT BE PROSCRIBE, I WILL FINISH THE REPORT, DO NOT BRING THIS INMATE HERE AGAIN.

122. on July 10th, 2014, plaintiff submitted a request to lea martin, defendant then forward to defendant leskowsky stating Quote,' ON July 14th, 2014, said defendant stated Quote,' FROM WHAT I UNDERSTAND THE PHYSICIAN HAS ORDERD A TREATMENT FOR YOUR CONDITION THAT EITHER HAVE ACCEPTED OR REFUSED TO USE SO UNLESS YOU HAVE A MEDICAL DEGREE THAT I DON'T KNOW, I SUGGEST YOU FOLLOW THE CORRECTIONAL PLAN AS FOLLOWS.

123. However, despite plaintiff attempts seeking resolution said defendant conspire and maliciously acted in concert to retaliate, discriminate, and therefore impair plaintiff state of heart and mind through mind games, moreover records reflect by said defendant through a massive and manipulation of words on record plaintiff refuse T.C. placement, likewise plaintiff will not refuse programs and or placement in to programs that would initially make parole eligibility. Plaintiff, has never sign a refusal slip. As per 7.4.1. there is a form solely for that matter and none exist. The defendants have refused and therefore used words through a manipulation of process to confine their belief, and benefits,

124. moreover, according to the T.C. policy states Quote,'

a). plaintiff must be place in program #1 year before minimum.

16.

b). if, a level 4 must be overridden to a custody level 3 or 2 otherwise prohibited.

c). IF, AN INMATE SUFFERS FROM IMPAIRMENT WHICH WOULD OTHER WISE EFFECT HIS/HER ABILITY WITH DAILY ACTIVITY AND RECORD OF SUCH IMPAIRMENT SUCH AS INMATE WHO CAN NOT READ OR IMPAIR VISION IS PROHIBITED. AS SUCH MATTER EFFECTS ONE ORDINARY FUNCTIONS OF DAILY ACTIVITY IS PROHIBITED.

125. plaintiff, was never place in program and or refuse programs to be eligible for parole, and records reflect no consent confirms refusal of such denial of program or placement. However, while at SCI FOREST every attempt seeking parole and programing was made, on May 5th, 2008, while entering program and submitting grievances [232193] and [230761] on June 16th, 2008, the defendants in civil action (ca-09-0156) took retaliatory measures and place plaintiff in R.H.U. to justify the unlawful restraint of T.C. placement and grievance procedure, this underwent hearing before K.P. Reisinger whom upheld all charges and refused to call witnesses find the defendants report to support the restraint.

126. therefore, defendants Kachurick, john doe, Moore, Comiskey, and medical took adverse action through malice subtle adverse action proscribing T.C. placement by retaliation in connection with (ca-09-0156) and conduct from SCI FOREST making the same decision absence of the protected conduct. While at SCI CAMP HILL grievances [473460] and [478494] seeking relief over program, and calling the abuse hot line, defendant Gergerly and facility manager john/jane doe place defendants querry, weis, skum, Simpson, frankhouser on notice take adverse action,

127. the D.O.C. has created a retaliatory policy to take unlawful restraint whom do not compel to their discretion and manifest and continue to do so while fabricate records and meeting of the minds to further concur their mission. On June 16th, 2008 plaintiff was subsequently retaliated seeking help over eye and program critical enough consequently on Sept 26th, 2013, said defendants took adverse action to humiliate, discriminate and retaliate for the same issues at hand.

128. on June 3, 2014, T.C. manager Ms. Mooney was forward a request seeking placement in program or alternative program moreover stating currently undergoing 1 to 3-year sentence why haven't no interview been conducted? in which I must be place in program one year before minimum.

129. on June 13th, 2014, Ms. Mooney stated Quote,' ROSADO, YOUR CLAIMS ARE REOCCURING ISSUES AND ONLY BOTTOM BUNK MEDICAL RESTRICTION ON FILE AND HAVIN IMPAIRED VISION NEEDING GLASSES IF YOU NEED ASSISTANCE WE HAVE PEERS TO PLACE YOUR REQUEST AND YOU BE LISTED;

130. this, plaintiff submitted a request moreover cannot receive glasses, again the defendants continue manipulate records and the meeting of the minds to concur their mission and compel the federal funding of money regardless of rehabilitation and money is the subject understood through the department of corruptions.

131. on July 22, 2014, grievance [519756] was submitted in connection with defendants leskowsky response therefore on July 31, 2014, defendant goyne answer grievance stating Quote,' I HAVE BEEN ASSIGHN TO RESPOND TO THE GRIEVANCE YOU SUBMITTED, STATING YOU WERE SEEN BY

132. OPTOMETRIST ON 12/20/2013 AND THAT THE DOCTOR DIDN'T REVIEW YOUR MEDICAL FILE AND COULDN'T RENDER A DECISION REGARDING THE CONDITION OF YOUR EYES, YOU REQUESTED BE RE-EVALUATED TO DETERMINE IF ADDITIONAL MEDICAL ATTENTION IS NEEDED AND TO DETERMINE A COURSE OF ACTION REGARDING EYE TREATMENT,

133. DURING THE COURSE OF MY INVESTGATION I LEARNED THAT YOU INITIALLY REFUSED TREATMENT FOR YOUR EYES, HOWEVER, YOU RECENTLY MADE A DECISION TO HAVE YOUR EYES EXAMINED BY AN OPTOMETRIST APPROPRIATE SCREENING AND REQUEST WERE MADE AN APPROVAL TO BE SEEN BY AN OPTOMETRIST WAS GIVEN TO THE SCI DALLAS MEDICAL DEPARTMENT YOU WILL BE SCHEDULED TO BE SEEN FOR EXAM IN THE NEAR FUTURE, GRIEVANCE DENIED, AND UPHELD.

134. on September 16th, 2014, defendant Lawrence maholly on appeal stated Quote,' I HAVE REVIEW THE ABOVE NOTED GRIEVANCE, THE GRIEVANCE OFFICERS RESPONSE, AND YOUR SUBSEQUENT APPEAL OF SAID GRIEVANCE, MY DECISION AS FOLLOWS.

135. GOYNE WAS ASSIGHNED AS GRIEVANCE OFFICER AND HAS ADEQUATELY ADDRESSED YOUR GRIEVANCE CONCERNS WITH DETAILED INFORMATION REGARDING THIS MATTER BASED ON THE INFORMATION YOU PROVIDED IN YOUR GRIEVANCE, WHICH I WILL NOT REITERAT RESPONSE,

136. YOU REFUSED THREAPUTIC COMMUNITY PLACMENT DUE TO YOUR POOR EYE SIGHT, (CATARAX), THE DOCTOR RECOMMENDED GAS PERMIABLE CONTACTS TO IMPROVE YOUR VISION THAT YOU ALSO REFUSED, I SPOKE TO THE MEDICAL DEPARTMENT AND CONFIRMED A NEW PAIR OF TINTED SUN GLASSES HAVE BEEN ORDERD TO HELP REDUCE THE SUN AND LIGHT IRRITATION, MEDICAL WILL INFORM YOU WHEN YOUR GLASSES ARRIVE.

137. TWO AGENCIES ARE NOT ACTING IN CONCERT WITH ANOTHER TO MINIPULATE DISCRIMINATION OR PROSCRIBE WRONGFUL TREATMENT, THEREFORE I CONCUR WITH MR. GOYNE FINDINGS AND UPHOLD THE INITIAL RESPONSE I FIND NO MERIT TO YOUR GRIEVANCE.

138. however, the defendants continue to misplace while fabricate truth, first the left eye needs a corneal graft do to the subsequent surgery by defendant Virgil to right out left vision went out, moreover cataract surgery to right eye due to Virgil diagnose an infected corneal graft to right eye, moreover john doe confirm no glasses can be or will be proscribe the glasses proscribe are without medicine for light irritation, likewise gas permeable contacts are not suitable as shown in 2005 after surgery, at all cost the defendants continue to manipulate and falsify records to refuse alternative program while T.C. was never refused and or place in program.

139. on July 24th, 2014, submitted sick call do to having recurrence infection to eye and face from the corneal graft by defendant Virgil, appear before defendant Loretta, the condition was so severe could not open eyes or close do to so much pain and running eye during sick was evaluated and issued artificial tears that only complicated the matter meanwhile seeking restasis proven unsuccessful the artificial tears only worsen matters,

140. therefore, during sick call defendant Loretta stated Quote,' ROSADO, YOU BETTER NOT BE LYNING? During the investigation Loretta indeed uncover infection, stating Quote,' ROSADO, WHY DO YOU ACT TUFF?

18.

141. MS Loretta don't be misguided by my appearance am soft, during the course of action Loretta examine the eye with a flash light while instructed to sit on the edge of hospital bed, this defendant purposely looking in eye with flash light continued rub her breast directly in face, moreover came directly between legs latterly humping plaintiff private part while sitting directly with hands cross mind boggled enough plaintiff did not move, defendant try seduce rosado, and or trying set rosado up, nurses came in and exit after viewing matters, one nurse sat and look up and ran out medical, upon viewing sexual matters,

142. but plaintiff remain in opposition understanding everything underwent and the subtle motives did not trust matters to concur Loretta in sexual desire. However, understanding June 16th, 2008 and Sept 26th, 2013, plaintiff remain in opposition and refuses to have a falsified sexual assault on record. Therefore, every misconduct received while in the D.O.C. has been retaliation and records reflect plaintiff is not problematic.

143. wherefore, once Loretta was done she then storms out medical and five minutes later returns with dr. Stanish, therefore stating Quote,' WHATS YOUR PROBLEM HUH? WHAT DO YOU WANT ME TO DO FOR YOU HUH? OH, WERE IN AMERICA, SO WE GOT TO PROVIDE YOU TREATMENT, HOW DID YOU PAY FOR YOUR TREATMENT BACK HOME? HUH, HUH, WELFARE HUH, YOU SHOULD OF GOTTEN YOUR EYES FIX THEN, BUT WERE IN AMERICA, SO WE GOTTA PROVIDE YOU TREATMENT, SO WHAT DO YOU WANT ME TO DO FOR YOU HUH? I HOPE YOUR MAXING OUT BECAUSE YOU HAVE NO CHANCE OF PAROLE, I HOPE YOU PLAN ON MAXING OUT, YOU SUBMITTED A GRIEVANCE BECAUSE YOU DON'T LIKE THE TREATMENT MEDICAL DIAGNOSE YOU WITH, YOU HISPANICS HAVE SOME NERVE, BUT ITS AMERICA, AMERICA SAYS WE HALF PROVIDE YOU TREATMENT, YOU DON'T LIKE THE TREATMENT PROVIDED TO BAD DON'T COME JAIL.

145. plaintiff underwent the longest and humiliating sick call 25 minutes of integration and harassment, discontent remain humble, on July 24th, 2014, submitted [520301] over said events, moreover did not submit about Loretta to avoid another investigation and place in R.H.U. under investigation do to the fact said defendants would have shifted a misconduct upon plaintiff like June16,2008 and Sept26,2013, therefore Lucas grievance coordinator forward matters to lea martin,

146. Quote,' BE ADVISED I WAS ASSIGHNED AS THE INVESTIGATOR FOR YOUR GRIEVANCE. I DISCOVER THE FOLLOWING INFORMTION DURING MY INVESTIGATION. IN THE PROCESS OF MY INVESTIGATION INTERVIEW ACHA THOMAS LEKOWSKY REGARDING THE ALLEGATIONS YOU DOCUMENTED ABOUT HIM, IN YOUR GRIEVANCE WHICH YOU EXPLAIN HAPPEN DURING SICK CALL ENCOUNTER ON JULY 24TH, 2014, BECAUSE YOU ALSO NOTED IN YOUR GRIEVANCE THAT YOU SPECULATED IT WAS ACHA LESKOWSKY, ALSO CALLING HIM JOHN DOE, I CALL YOU FOR A INTERVIEW AND VERIFY MR. LESKOWSKY IDENTITY.

147. ACHA LESKOWSKY DENIED THE ALLEGATIONS YOU DOCUMENTED IN YOUR GRIEVANCE WHEN INTERVIEWD HIM, HE ALSO ADVISED ME HE HAS NEVER KNOWINGLY SPOKEN TO YOU IN THE PAST. YOU WAS SUBSEQUENTLY CALL TO MEDICAL DEPARTMENT MORNING OF AUGUST 11, 2014, AT APPROX 0900, TO BE INTERVIED BY ME REGARDING YOUR GRIEVANCE, DURING THE INTERVIEW YOU IDETIFIED THAT ACHA LESKOWSKY WAS NOT THE PERSON TO WHOM YOU SPOKE WITH ON SICK CALL ON JULY24,2014, AND THAT HE DID NOT MAKE ANY STATEMENTS YOU CLAIMED HE MADE

19.

148. TO YOU IN YOUR GRIEVANCE, YOU APOLOGIZED TO LESKOWSKY DURING THE ENCOUNTER, FURTHER CLAIMING THAT ANOTHER INMATE PROVIDED THE IDENTITY OF THE PERSON WHO YOU SPOKE TO YOU ON SICK CALL AS LESKOWSKY, BASED ON YOUR INFORMATION GRIEVANCE DENIED.

149. however, plaintiff explain to defendant martin DALLAS employees do not wear name tags moreover hiding their identity, likewise, apologize and further inform martin grievance [519756] was in fact defendant leskowsky, moreover john doe is in fact dr. Stanish and to interview him subsequently martin stated the investigation completed.

150. plaintiff appeal to maholly therefore response Quote,' I HAVE REVIEWED THE ABOVE NOTED GRIEVANCE, THE GRIEVANCE OFFICERS RESPONSE AND YOUR SUBSEQUENT APPEAL OF SAID GRIEVANCE, MY DECISION IS AS FOLLOWS.

151. MS MARTIN WAS ASSIGHN AS GRIEVANCE OFFICER AND HAS ADEQUATELY ADDRESSED YOUR GRIEVANCE CONCERNS WITH DETAILED INFORMATION REGARDING THIS MATTER BASED ON YOUR INFORMATION YOU PROVIDED IN YOUR GRIEVANCE, WHICH I WILL NOT REITERATE IN MY RESPONSE.

152.IN YOUR APPEAL TO ME YOU ADDED ADDITIONAL INFORMATION AND ALLEGATIONS THAT WERE NOT PART OF YOUR ORIGINAL GRIEVANCE AND WILL NOT BE ADDRESSED AT THIS LEVEL, ALSO BE ADVISED WHEN SUBMITING GRIEVANCES POLICY STATES THE INMATE SHALL IDENTIFY INDIVIDUALS DIRECTLY INVOLVE IN EVENTS THEREFORE I UPHOLD THE INITIAL RESPONSE AND YOUR REQUEST FOR A THREE-DAY SUSPENSION FOR DOCTOR STANISH IS ALSO DENIED.

153. on August 24th, 2014, secretary of inmate appeals therefore forward to bureau inmate health care and Oct 15th, 2014, said department remanded grievance and if unsatisfied with response to file an additional appeal, on October 10th, 2014, submitted request to Lucas over matter. The request submitted goes as follows. PLEASE BE ADVISED,' I am requesting know the whereabouts of said grievance known as [52301] for which has been remanded back by secretary of inmate grievances of appeals, I received this matter on October 30th, 2014, and therefore post mark Oct 15, 2014, I am seeking to know after understanding I have (15) days appeal to submit an appeal and receive response I don't want this matter to hinder my appeal, please send me a response over matter.

154. on November 20th, 2014, defendant Lucas responded, stating Quote,' I HAVE FILED A NOTICE FOR EXTENSION OF TIME, YOUR GRIEVANCE WAS REMANDED BY SOIGA ON 10/20/14, HOWEVER, THIS WAS NEVER FORWARD TO FIRST LEVEL, I AM INFORMING YOU OF MY ERROR AND REQUESTING ADDITIONAL EXTENSION, YOU WILL HAVE YOUR RESPONSE WITHIN (5) DAYS OF TODAYS DATE, 11/20/14,

155. therefore, plaintiff attempts seeking placement in program and or alternative program proven unsuccessful, moreover while seeking defendants over medical condition, problems only to infringe and discriminate plaintiff, meanwhile grievances [520301] [519756] the aforementioned events occurred,

156. the defendants in concurring grievances took adverse action on July 14th, 2014, grievance [518803] was submitted subsequently do to on July 14th, 2014, was order to [PACK ALL PROPERTY YOU WILL MOVE EVERY 90 DAYS DOTO YOUR CUSTODY LEVEL], unit manager Putnam answer said grievance, the response was completely vague, confusion and frivolous without relevance whatsoever,

157. on July 20th, 2014, filed a request/complain both maholly and Gordon defendants, on July 24th, 2014, Gordon responded Quote,' [YOU WILL MOVE EVERY (( 90 )) DAYS AS LONGEST YOU HAVE A 4-H CODE FOR ESCAPE].

158. PLEASE BE ADVISE,' During the course of all relevant evens plaintiff underwent a course of serious events maliciously motivated by all defendants, while at SCI DALLAS plaintiff continued be challenge, harass, retaliated against and therefore threaten, while at this institution plaintiff smelt death, prison officials acting in concert to cause harm, inflict and or operated with other inmates to harm plaintiff, during the course of events a 42 U.S.C. 1983 (TRO'S) was file both with the eastern and western district court,  also the state attorney general was place on notice, meanwhile an affidavit of truth was forward and therefore short while later the 4-H code was removed, however, during the course of being moved cell to cell every (90) days was vague, confusion and frivolous this for escape, the escape charge was resisting arrest fleeing before an officer made an arrest, moreover the lifers at DALLAS either have outside clearance, level 2, and or on honor blocks and are treated as saints and are escape risk which clearly Rosado serving a 1 to 3 year sentence moreover the defendants took adverse action for the reasons stated in complaint,

159. the defendants took retaliatory measures by moving plaintiff every (90) to justifying the illegal search and seizures claiming an escape risk, this lifers at DALLAS have 20 to 30 years same cell and never moved, and have 4-H code, during this period said defendants continued to complete everyday cell searches upon plaintiff while harass and making threats while taken what they wanted, and turning cell in to a pig style, meanwhile the defendants continued to send their jail houses snitches to confront, deliver messages, and intimidate plaintiff, therefore stating Quote,' STOP FILING GRIEVANCES, SECURITY GONNA KILL YOU, THIS IS DALLAS TRUST ME YOU THEY KILL YOU, LIKEWISE ISRAEL GUZMAN THEY MURDERD AND MADE IT LOOK LIKE A SUICIDE,

160. therefore, inmate Israel Guzman was inmate whom plaintiff new very well from SCI FOREST, likewise both house on j-block, while at sci Dallas was mistreated by officers and encounter numerous problems, likewise was removed from j-unit and place on a different housing unit, this an argument over grievance and officer Guzman was place in R.H.U. while in administrative status continued be denied meals, mistreated, and therefore place in side pocket, while in segregation officials ran in inmate Guzman cell while this inmate seek help, food, shelter sitting in a empty cell and torture Guzman rage out cursing the guards out and kicking the door seeking speak to a LT. all attempts denied,

161. the guards ram sack the cell place a sheet over this inmate neck while the struggle can be heard you can hear Guzman fighting these officers off, suddenly silence the last of Guzman was the last breathe he took and the foots of this victim struggling while his feet can be heard in struggle, plaintiff confirm these events, both by inmates in solitary and medical workers, out of fear, retaliation and death these officials operate through subtle crimes, and the results stem from the administration department,

162. in holding the corruption at SCI DALLAS is conducted by officials, staff, nurses, warden, security, the lifers tag the information along, as a vehicle, the lifers are given free passes, drugs, with special treatment, the guards allow the security of the institution to be guarded by both inmate and staff, in a world of organize crime with the institution, these guard's defendants profit from these inmates,

163. they pray on them to gain control, inmates continued to stop plaintiff on the block, cell, yard in groups to advise stop filing grievances and do your time or otherwise be kill, inmate Guzman was kill in the cell by officers, behold and make no mistake, said defendants rule Guzman as a suicide. Plaintiff continued remain humble, the smell of death was the burden within that plaintiff smelt and feels within, the inmates at DALLAS respected plaintiff meanwhile advising both inmates and staff leave him alone, these inmates did not compel the administration request, the prison population that did not have attachment with the guard inmate population remain in opposition and to stay away from plaintiff,

164. plaintiff continued submit grievances, meanwhile continued be denied visits, harass, cell search, stop in any course of events, and treated like trash, the defendants continued discriminate like fashion, all events stemming from both T.C. and VISION, therefore, on July 10th, 2014, denied visit, grievance [518798] requesting be reimbursed, defendant Lucas rejected grievance, likewise grievance [523102] appeal to maholly to resubmit grievance, the visitor been approved since January6,2014,

165. moreover grievances [518803, 518798, 523103,] reference said events, on July 31, 2014, defendant Lucas forward to defendant's pall and goyne whom rejected the grievances stating plaintiff was not affected by policy or prison action. And upon appeal defendant maholly stated Quote,' YOU SHALL SUBMIT A GRIEVANCE FOR EACH DIFFERENT EVENT INLESS IT IS NECESSARY TO COMBINE EVENTS, TO SUPPORT A CLAIM. However, plaintiff did in fact policy and in considering this matter as a whole the following grievances have not been answer and require a response or resolution.

a. July 17, 2014, [518798] rejected, denied visit;

b. July 31, 2014 [520905] denied a notary for court/attorney general;

c. July 31, 2014, [520904] safety jail house snitches;

d. July 24, 2014, [520301] medical discrimination and harassment;

e. July 22, 2014, [519756] complaint T.C. program;

f. July 15th, 2014, [518803] order pack all property and be moved every (90) days

166. all attempts seeking resolution over program, vision, grievances have proven unsuccessful, upon appeal to defendant maholly stated Quote, "I HAVE REVIEWED THE ABOVE NOTICE GRIEVANCE MY DECISION IS AS FOLLOWS: MS. LUCAS WAS ASSIGNED AS GRIEVANCE OFFICER AND HAS ADEQUATELY REJECTED YOUR GRIEVANCE, THE GRIEVANCE DOES NOT INDICATE THAT YOU WERE PERSONALLY AFFECTED OR FACILITY ACTION OR POLICY: IN YOUR APPEAL TO ME YOU ADDED ADDITIONAL INFORMATION OF ALLIGATIONS- THAT WERE NOT PART OF YOU ORIGINAL GRIEVANCE AND WILLNOT BE ADDRESSED AT THIS LEVEL, GRIEVANCE DENIED."


163. However, during the course of all rejected grievances and or the one answer, likewise following sick call harassment and denial of visits followed by every (90) days cell change among inmates telling plaintiff to watch himself and stop filing grievances.

22.

164. This plaintiff understanding the stigma among the allegations of inmate Israel Guzman, the pursuit in filing grievances and or seeking resolution only continued to make matters worse. In fact, to avoid any further adverse action through defendants Gordon, Lucas, Maholly, Pall, Goyne, this on September 15, 2014 submitted a request to defendant Robin Lucas to withdraw said grievances, said grievances known as (523103, 518803, 524409) therefore to avoid any more a foul aforementioned- play's by said defendants, plaintiff had to further secure himself one step further.

165. Therefore, on July 26, 2014 submitted grievance (520905) do to on said date at 13:30 hours to appear to law library, this having filed an [AFFIDAVIT OF TRUTH AND 42 U.S.C. 1983 RESTRAINING ORDER UPON REQUEST BEFORE FILING A 1983], upon seeking a [NOTARY], this law librarian was asked to notarize said affidavit , moreover after being advised to STOP reading materials on several occasions, she read the entire [AFFIDAVIT AND COMPLAINT] which once she read it, likewise advised plaintiff she CAN NOT notarize such materials, this STATING QUOTE, "CENTRAL OFFICE HAS SOMETHING ON COMPUTER ABOUT THIS AND I WAS ORDERED NOT TO NOTATIZE THIS, NOTARY DENIED."

166. Wherefore plaintiff was also seeking the 7.4.1. therapeutic community- procedural policy and manual, this was advice such policy cannot be authorized, moreover upon this and thereafter denied a notary, plaintiff exit law library, seek pass and immediately went to cell likewise place materials in mail box IMMEDIATELY therefore in any event SECURITY ordered by said defendants and or any subtle acts would reoccur.

167. Therefore grievance (520905) was subsequently REJECTED on September 10, 2014 stating plaintiff grievance is rejected do to [A LEGIBLE COPY OF YOUR INITIAL GRIEVANCE SIGN AND DATED], stating quote: "PLEASE NOTE, PHOTOCOPYING SERVICES- EACH FACILITY HAS ESTABLISHED LOCAL PROCEDURES FOR PHOTOCOPYING SERVICES FOR INMATES HOUSED IN GENERAL POPULATION, AS WELL AS FOR THOSE INMATES HOUSED ON SPECALIZED UNITS, IF YOU ARE FAMILIAR- WITH THOSE PROCEDURES

168. REFER TO YOUR FACILITY HANDBOOK OR ASK UNIT TEAM, INDIGENT INMATES IF YOU MEET THE CRITERIA FOR INDIGENCY.

169. However, plaintiff attempts seeking NOTARY or 7.4.1. policy proven unsuccessful, the aforementioned grievance was REJECTED under what is unclear, this Amanda West made no sense, she should be listed as a defendant but mind boggling to do so.

170. This, on August 14, 2014 defendant Maholly on appeal stated quote: "I HAVE REVIEWED YOUR GRIEVANCE, THE GRIEVANCE COORDINATOR RATIONALE FOR THE RETUTN OF YOUR UNPROCESSED GRIEVANCE AND APPEAL. THE GRIEVANCE COORDINATORS DECISION NOT TO PROCESS YOUR GRIEVANCE IS ACCURATE, AS YOU WERE INFORMED GRIEVANCE BASEDUPON DIFFERENT EVENTS MUST BE PRESENTED SEPARATELY. YOUR REQUEST TO HAVE THE LIBRARIAN SUSPENDED FOR THREE (3) DAYS WITHOUT PAY DENIED, GRIEVANCE WILL NOT BE REMANDED, I UPHOLD INITIAL REJECTION.

171. PLEASE BE ADVISED, during the course of all grievances and appeals, plaintiff has followed the rules and procedures provided by the [DEPARTMENT OF CORRECTIONS DC-804] policy, moreover MULTIPLE have been REJECTED and or UNANSWERED moreover do to placing different events to support claim. These defendants listed are running afoul unconstitutional grievance system, this is known as [THE GOOD OH BOY NETWORK] in other terms [THE BUDDY, BUDDY SYSTEM], I scratch your back, you scratch my back. Under inadequate body function of DC-804 motivated by malice retaliatory bias manifestation to carry out acts of retaliation. PLEASE TAKE FURTHER NOTICE, [DC-ADM-804] YOU SHALL SUBMIT A DIFFERENT GRIEVANCE FOR EACH DIFFERENT EVENT UNLESS IT IS NECESSARY TO COMBINE THE EVENTS TO SUPPORT CLAIM.

ALL GRIEVANCES AND APPEALS MUST BE INGOOD FAITH AND OR GOOD CAUSE. YOU WILL NOT BE PUNISHED OR OTHERWISE SANCTIONED FOR GOOD FAITH USE OF GRIEVANCE SYSTEM.

172. Wherefore, plaintiff every attempt following policy only concluded the function of daily activity among said defendants (GORDON, GOYNE, MAHOLLY, LUCAS, PALL), motivated by (523103, 518803, 519756) in connection with (520905) plaintiff had to continuously seek request over the BODY of said request- said defendants refuse to allow plaintiff to exhaust grievances, moreover grievance (520905) rejected seeking 7.4.1. policy and notary likewise court access, all proven unsuccessful. This in the game of cat and mouse running a foul grievance process delaying responses waiting for time to elapse to trigger plaintiffs' forgetfulness to trigger appeal process UNTIMELY and therefore LOST, likewise grievance (520301) etc.

173. The defendant's intentions were made clear to plaintiff under subtle acts, moreover on August 21. 2014 submitted grievance- (525849) do to on August 19, 2014 scheduled for PAROLE AND YEARLY REVIEWING STAFFING, this upon arrival was advised said staffing cancel and will be placed on call out tomorrow (August 20, 2014). On August 20, 2014 no call out in place, moreover never advised by any employee said staffing would take place, upon entering from yard was ordered to report to I-BLOCK for staffing, upon arrival was advised plaintiff was late and was cancelled several times, moreover JAIL SUPPORT FOR PAROLE DENIED, likewise upon said grievance rescheduled upon doing so only to uncover INSTITUTIONAL SUPPORT DENIED and ORDERED undergo therapeutic community program, likewise custody level (4) to remain the same.

174. therefore at all attempts seeking relief plaintiff upon events continued to seek relief, this despite seeking policy 7.4.1. therapeutic community procedural and manual, this said policy upon July 26, 2014 upon denied notary and seeking policy which is PUBLIC INFORMATION, plaintiff on June 16, 2008 was placed in administrative BODY under a fabricated misconduct in which while at SCI CAMP HILL was again placed in administrative BODY concurring said policy.

175. Wherefore on August 18, 2014 plaintiff submitted grievance (524340). This defendant Leskowsky answer grievance stating quote: "I DISCOVERED THE FOLLOWING INFORMATION DURING MY INVESTIGATION: I INTERVIEWED DR. STANISH IN REGARDS OF THE ISSUES YOU DOCUMENTED IN YOUR GRIEVANCE, DR. STANISH ADVISED ME THAT HE DID NOT HARASS YOU IN ANY WAY, HE INDEED FRUSTRATED THAT AFTER ARRANGING FOR YOU TO GO TO THE OPTHAMOLOGY CLINIC, YOU OPTED NOT TO ACCEPT THE CARE RECOMMENDATIONS OF THE OPTHALMOLOGIST THAT EXAMINED YOU, YOU REFUSED CARE. AS YOU KNOW. DURING THE PAST FEW MONTHS, YOU ALSO REFUSED CONTACT LENS, THE CONTACT LENS WERE RECOMMENDED BY THE OPTHALMOGIST TO TREAT YOUR EYE ISSUE, IN YOUR GRIEVANCE (520301) WHEN YOUR ALLEGATIONS OF HARASSMENT WERE INVESTIGATED, THEY WERE FOUND TO BE RECKLESS ALLEGATIONS AND UNSUBSTANTIATED, AS NOTED IN THE RESPONSE RECEIVED. THE EYE TREATMENTS THAT YOU ARE REQUESTING REQUIRE AN ORDER FROM A LICENSED PHYSICIAN, AFTER THEY EXAMINE THE PATIENT AND DETERMINE THE TREATMENT IS NECESSARY. A PHYSICIAN CAN NOT COMPETED TO ORDER SPECIFIC TREATEMENT VIA THE GRIEVANCE PROCESS. ESPECIALLY IF THE PHYSICIAN HAS DETERMINED THAT THE PATIENT DOES NOT NEED THE MEDICAL TREATEMENT, OR IF THE INTERVENTION WILL NOT IMPROVE THE PATIENTS HEALTH. THIS ACTION WOULD BE AGAINST THE LAW, AGAIN, THE FACILITY HAS CONSULTED AN OPTHALMOLOGIST FOR FURTHER DIRECTIONS FOR YOUR CARE, YOU OPTED NOT TO ACCEPT THE RECOMMENDED CARE INTERVENTIONS, THERE IS NO OFFICER ISRICK. BASED ON THE INFORMATION PROVIDED IN MY RESPONSE, YOUR GRIEVANCE IS DENIED, IF YOU FEEL YOUR HEALTH ISSUE IS UNRESOLVED OR IF YOU ARE HAVING SYMPTOMS, RETURN SICK CALL AND SPEAK WITH A LICENSED CARE PROVIDER, MEDICAL CO PAY APPLY, DENIED."

176. This, upon appeal process to defendant Maholly said response goes as follows: "I HAVE REVIEWED THE ABOVE NOTED GRIEVANCE, THE GRIEVANCE OFFICERS RESPONSE AND YOUR SUBSEQUENT APPEAL OF SAID GRIEVANCE, MY DECISION IS AS FOLLOWS: MS. MARTIN WAS ASSIGNED AS GRIEVANCE OFFICER AND HAS ADEQUATELY ADDRESSED YOUR GRIEVANCE CONCENS WITH DETAILED INFORMATION REGARDING THIS MATTER BASED ON THE INFORMATION YOU PROVIDED IN YOUR GRIEVANCE. RECORDS INDICATE THAT ON SEPTEMBER 16, 2014 A RESPONSE TO PRIOR GRIEVANCE (519756) ADDRESSING THE ISSUE WAS SENT TO YOU, RECORDS ALSO INDICATE A REQUEST SLIP YOU SUBMITTED STATES YOU ARE PHYSICALLY UNABLE TO PARTICIPATE IN TC DUE TO EYE PROBLEM (CATERACTS), HOWEVER REVIEW OF YOUR RECORDS INDICATE YOU AS HAVING ONLY ONE MEDICAL STIPULATION WHICH IS BOTTOM BUNK. IN YOUR APPEAL TO ME, YOU ADDED INFORMATION/ALLEGATIONS THAT WERE NOT PART OF YOUR ORIGINAL GRIEVANCE AND WILL NOT BE ADDRESSED AT THIS LEVEL, THEREFORE I UPHOLD INITIAL RESPONSE WHICH WAS DENIED.

177. This, despite said grievance proven unsuccessful, this grievance (523103) was submitted do to not receiving a response pass do and or request for extension of time, all grievances (518803, 519756, 525409) this withdrawn do to safety precautions in the game of cat and mouse moreover said defendants had no intentions of answering the BODY of said grievances, in connection denial of 7.4.1. policy and notary body of truth.

178. Therefore, plaintiff submitting grievances were all filed under good faith, but the BODY of institutional administration was at all times RETALIATOR basis. This, plaintiff in all attempts was seeking for an alternative program for which impairment allowed to undergo proper placement that doctors John Doe, Virgil and Pierson all noted, this over the BODY of seeking relief, plaintiff was at all time discriminated while retaliated against through the grievance process causing other static through other defendants involvement to trigger toll of events, at no time did plaintiff REFUSE or other time would have signed a REFUSAL, this, despite the record of impairment and doctors ordering such recommendation over vision, the defendants unjustified parole upon completion otherwise why haven't anyone placed in reflects plaintiff attempts seeking alternative but never refused said program, this STATEMENT OF CASE etc.

179. PLEASE BE ADVISED, plaintiff never refused and or signed anything REFUSING program while denied opportunity undergo program, the policy states inmates must be interviewed, and placed in the program one (1) year before minimum, if refusing must sign a CONSENT but if compliances sign a RELEASE OF CONSENT, plaintiff never refused at forest, as so much today has not refused.

180. Therefore, while at SCI FOREST, plaintiff was denied entry into the program, despite doctors order, defendants Virgil, Pierson plaintiff through the administration body of grievances and request all proven unsuccessful, this a reach in time, therefore had to write HARRISBURG PAROLE BOARD to seek placement, this upon said correspondence entry upon therapeutic community program, SCI DALLAS defendant Mooney has acted in concert with said defendants to conduct no placement undertake interview for to release of consent and or consent of refusal take its toll. Plaintiff wrote defendant Mooney seeking entry and or an alternative program, this upon request was to interview for placement in program either undergo or refuse, this the record reflects, plaintiff attempts seeking programming and parole eligibility, plaintiff never refused program.

181. The record here reflects plaintiff submitted several grievances and requests seeking an alternative placement over the BODY of therapeutic community, moreover in doing so was placed UNASSIGNED as refusing program, the record reflects RELEASE OF CONSENT to undergo therapeutic community NO signature in place, no attempts in placing or interviewing plaintiff, this the defendants al, etc, never had any intention in placing plaintiff in program, therefore SCI FOREST also a reflection, plaintiff remain OPPOSITION to catch said defendants in their game of cat and mouse, the record reflects plaintiff in complete compliance and every attempt proven MANIPULATION of records, malice, bias, the ill-will or RETATITORY subtle acts, this denied plaintiff programming etc.

182. THE RECORD REFLECTS THE AFFORMENTIONED STEPS TAKEN:

A.) Plaintiff, serving a one and a half (1 ½) to three (3) year sentence for controlled buys;

B.) Plaintiff, is a non-violent offender;

C.) EVERY MISCONDUCT EVER ISSUED IN THE DEPARTMENT OF CORRECTIONS STEM FROM GRIEVANCES SEEKING RELIEF OVER THERAPEUTIC COMMUNITY PROGRAM;

D.) Plaintiff, must be placed in program one (1) year before minimum;

E.) Plaintiff, never refused program at SCI FOREST;

F.) Plaintiff, never refused program at SCI DALLAS;

G.) Plaintiff, custody level shall be overridden to custody level three (3) or two (2) if a custody level four (4) for therapeutic community placement;

H.) AN INMATE WHO CAN NOT READ OR HISTORY OF SUCH IMPAREMENT SUCH AS INPAREMENT OF VISION SHALL BE PROHIBITED AND ISSUED AN ALTERNATIVE PROGRAM, IN WHICH AFFECTS ON DAILY ACTIVITY OR ORDINARY LIFE.

I.) Plaintiff, while at SCI FOREST (THERAPEUTIC COMMUNITY), was removed for appropriate placement of (THINKING FOR A CHANGE)

183. However, plaintiff, at all times was in fact compliant with undergoing therapeutic community program, multiple counts seeking resolution over program, moreover the record reflects just that, plaintiff continued to seek relief and furthermore to exhaust administrative remedies at all cost. In accordance with said prior grievances, defendant Maholly told plaintiff to submit a grievance for every single issue in complete compliance.

184. This plaintiff according to the defendant Maholly and or policy taken appropriate steps seeking relief over the grievances filed in good faith, are as follows: PLEASE BE ADVISED, ON JULY 16, 2015 SUBMITTED GRIEVANCE (577749) IF YOU WISH TO APPEAL, ACTION MUST BE TAKEN WITHIN FIFTEEN (15) DAYS. APPEALING FACILITY MANAGER, UPON RECIEPT OF INITIAL RESPONSE. PLEASE TAKE IMMEDIATE NOTICE, SINCE THE REQUEST OF SEEKING A COURT ORDER PRELIMINARY JUNCTION ON JULY 16, 2014 PLAINTIFF HAS NOT BEEN ALLOWED TO EXHAUST REMEDIES, THEREFORE ON OCTOBER 30, 2014 RECEIVED BY BUREAU HEALTH CARE SERVICE REMAND NOTICE OF 520301. THIS SUBMITTED JULY 24, 2014 IN WHICH WAS REMANDED BACK, LIKEWISE NOVEMBER 20, 2014 DEFENDANT LUCAS SEEK EXTENTION OF TIME FIVE (5) DAYS, THIS NO RESPONSE PROVIDED, ADDITIONAL REQUEST AND OR GRIEVANCE FILED, ON MARCH 23 AND 29 OF 2015 NO RESPONSE AND OR PINK COPY WAS RECEIVED.

185. On July 16, 2015 plaintiff submitted grievance (577743). On February 23, 2014 submitted grievance (519756) in which ROSADO WAS ORDERED GLASSES FOR WHICH CALLED BY MEDICAL WHEN ARRIVED, this plaintiff was advised by defendant Maholly on said grievance said SUN GLASSES WERE ORDERED, therefore in connection with defendants Loretta, Martin, Goyne, Gordon, Pall, Stanish, Leskowsky, all claiming no merit upon grievance likewise grievance denied, this was February 23, 2014 upon said grievance (519756), plaintiff CONTINUES waiting for said glasses for a period of time, one (1) year and nine (9) months later, STILL NO GLASSES.

186. on July 16, 2015 plaintiff submitted grievance (577745) therefore on December 25, 2014 filed grievance (545002), stems from a television on December 4, 2014 RETURN television under warranty of one (1) year, likewise grievance (544982) was submitted in connection do to no initial response received, which to this day was not received.

187. therefore plaintiff grievance stems from a television purchase for which said period 30% likewise 20% thereafter was deducted for court costs and fines, this, a plea agreement was underwent to pay court costs and fines upon release, moreover the department of corrections failed to honor that, however plaintiff paid $250.00 for a RCA television in which from the day of purchase shortly after said television goes completely pitch black, no picture, all sound, therefore must turn on and off awaiting periods of fifteen (15) minutes before a picture reappears, upon turning it over under warranty, the television was returned without a default, likewise plaintiff submitted grievance and seeking review report, no answer ever provided, this around said time SCI DALLAS change company and warranty manufacture process.

188. this, all grievances REJECTED, therefore grievance (577740) in connection with history over matter, moreover on August 14, 2014 seeking withdraw grievances for which said defendants fail to answer, likewise failing to answer grievance over television among other grievances not processed, answer, rejected, on August 14, 2014 plaintiff compel to withdraw grievances (523103, 518803, 525849) this, defendant Lucas to the  NO PROBLEM but allowing plaintiff to exhaust proven unsuccessful as noted through grievance (520301) etc.

189. However, despite plaintiff never received a response for grievance (520301) in connection with defendant Stanish. On August 18, 2014 appear before defendant John Doe, upon arrival on SCI DALLAS officer Isrick escorted the plaintiff directly doctor Stanish stating quote: "DR. STANISH, ROSADO REFUSED GLASSES AND GAS PERMEABLE CONTACTS." At said time Dr. Stanish stated quote: "ROSADO, WHAT DO YOU HAVE TO SAY FOR YOURSELF? HUH? HUH?". Plaintiff remained silent, likewise Dr. Stanish stated quote: "OH, NOTHING, HUH? WELL THERE YOU HAVE IT LESS MONEY SPENT AND THERES NOTHING ELSE I CAN DO FR YOU. SO, WHAT DO YOU HAVE TO SAY FOR YOURSELF? HUH? HUH? GET OUT!"

190. This upon grievance (520301) of events, true indeed, moreover while at SCI DALLAS, plaintiff attempts seeking sick call proven (2 and 3) attempts before actually called upon, this course of events go as noted:

A.) Inmate Luis Rivera la5244 submitted sick call need medicine reduction;

B.) plaintiff, sick call complaint, 'PLEASE BE ADVISED' "I RECENTLY HAD TO SIGN A RELEASE OF INFORMATION FOR CHESTER COUNTY HOSPITAL CONSENT OF RELEASE OF MEDICAL RECORDS, DO TO IN 2012 MY NECK COMPLETELY LOCKED ON ME, I UNDERWENT NUMBNESS, TINGELING IN MY BACK, THIS UNDERWENT MRI'S, CAT SCANS, SPINAL CORD TESTING AND OTHER TESTING, NOTHING FOUND, I REQUEST TO BE SEEN ETC."

191. therefore inmate la5244 was called for sick call, plaintiff was not, the sick calls were submitted on August 6, 2015, this on August 10, 2015 plaintiff was called at 2:30 pm. Loretta stated quote: "ROSADO, IF THIS WAS TRUE, YOU WOULD NOT BE ABLE TO MOVE YOUR NECK." Plaintiff, showing Loretta, he lost complete muscle to the right side of his neck, Loretta stated quote: "THERE IS NOTHING WRONG WITH YOU." This during the course requested pain medication, moreover prior nurse days prior issued a muscle relaxer and naproxen for pain, but for (10) days only, this Loretta stated quote: "NO! YOURE NOT GETTING ANYTHING! IN FACT, GET OUT! OTHERWISE IM CALLING SECURITY NOW!" then Loretta did a 180 on plaintiff leaving him mind boggled, plaintiff immediately left sick call, to avoid R.H.U. placement of ALTERED MISCONDUCT FABRICATION and stated no wrong doing, Loretta threats unjustified and send plaintiff R.H.U. confinement seeking sick call and not answer grievance shall serve as truth through silence for failure answer on grievance etc.

192. Plaintiff attempts seeking sick proven unsuccessful, moreover taken 2 to 3 attempts before actually called, the record reflects defendants Loretta, Stanish in concert manipulating medical records, this plaintiff never refused sick calls on said dates noted, the record reflects fabrication.

193. Plaintiff attempts seeking alternative placement over the therapeutic community program, the defendants al, have gone one step further, plaintiff NEVER REFUSED any program, the BODY of consent for to REFUSAL listed can and or would otherwise could be produced do to plaintiff never refused program, moreover, the contrary refusal of program further induce against plaintiff as a PUNISHMENT as noted;

A.) Plaintiff, was unable to participate in therapeutic community program and the record reflects no CONSENT of refusal;

B.) Plaintiff, could not participate in gym/weight sessions;

C.) Plaintiff, was unable to receive any job;

D.) Plaintiff, was unable to receive GLP;

E.) Plaintiff, was denied educational and or vocational classes maintaining a high school diploma in place;

F.) Plaintiff, therapeutic community score of 9 was due to impairment of 2005 LEGALLY BLIND due to testing clicking at the mouse unable to see etc.

G.) Plaintiff, was classified a 3 and raised to 4, likewise during the course of events registered as 4H CODE, this, despite removed at staffing was advised said custody level will be placed back on upon maxing out, however, plaintiff never received a custody level change; PLEASE BE ADVISED; plaintiff never refused therapeutic community and or received misconducts other than the ones issued upon retaliation seeking grievances plaintiff was unable to participate in anything , moreover 24 hours around the clock stuck unable to move assigned to one unit, therefore murderers, rapists, violent offenders, gang activity all received jobs and educational purposes that plaintiff was denied and others with short time could benefit from while those with extreme time do not, the therapeutic community program was used as a punishment induced from SCI CAMP HILL reflecting SCI FOREST (09-0156) and now in concert SCI DALLAS continued in the aforementioned ways;

H.) Plaintiff, on June 16, 2008 was issued a fabricated misconduct under (230761 and 232193) for 7.4.1. policy seeking resolution and alternative program;

I.) Plaintiff, on September 26, 2013 placed on AC-STATUS due to seeking resolution and alternative program, this retaliated for to filing grievances and calling abuse hot line issued an ALTERED DC-141 MISCONDUCT prevailing claims as true;

J.) Plaintiff, every misconduct reflected upon and issued was a direct result of filing grievances over the BODY of resolution seeking alternative program and record reflects;

K.) plaintiff, has never been placed in administrative status upon himself and or wrong doing, likewise has nothing on record otherwise not allowing lower custody level, the record reflects misconduct free, the record reflects nothing more than filing grievances direct result of retaliatory basis issuing of DC-141 misconduct, this STATEMENT OF CASE etc.

L.) Plaintiff remains in opposition to all defendants, while the therapeutic community had been used as PUNISHMENT, this, content in his discontent without REFUSING parole eligibility was never a factor, despite doctor's order, the impairment, the record reflects plaintiff refused program, this BODY of consent for to refusal plaintiff seek to be productive, this the record reflects even if place in program parole was never an option, this (2ND STATE SENTENCE MAX) under it entirely;

M.) Plaintiff does not have a drug problem, this while at SCI DALLAS can (AFFORD) get (HIGH) can (GET) with, can afford it, plaintiff is not an addict rather a VICTIM OF CIRCUMSTANCES.

194. Therefore, plaintiff was never placed in programs to be eligible for parole, the record reflects said defendants action was to in fact max plaintiff out, this knowingly by placement in therapeutic community program would have triggered an AFFIRMATIVE body of grievance to be answered, this upon ever interview by the PAROLE BOARD plaintiff was asked why do you not have therapeutic community completed, the parole board wants to see said program completed, plaintiff on September 29, 2015 had an AFFIRMATIVE RESPONSE, why haven't any attempts been made to placing plaintiff in the program to be eligible for parole and or why doesn't your records reflect a consent of refusal for which sole claims are based plaintiff refuse the therapeutic community program, the record reflects no such refusal without a BODY of consent, plaintiff was never called and or been interview, the 7.4.1. policy states quote: "AN INMATE IN THERAPEUTIC COMMUNITY PLACEMENT (MUST) SIGN CONSENT INTO PROGRAM OR CONSENT REFUSING PROGRAM BEFORE SUCH PLACEMENT CAN OCCUR."

195. The record reflects that on May 28, 2013 plaintiff submitted grievance (230761) moreover prior grievance (232193), this on June 13, 2008 RESOLVED, on June 16, 2008 retaliated and placed in administrative body, likewise on July 26, 2014 plaintiff seed the 7.4.1. policy reflection noted said policy not in law library, this on September 26, 2013 placed on AC-STATUS and issued an ALTERED MISCONDUCT after factual allegations remain true, unable to exhaust misconduct, this all upon seeking policy and alternative placement, likewise plaintiff attempts seeking relief proven unsuccessful, at all times was discriminated and or retaliated against, the record reflects plaintiff never refused;

203. WHO REPORT THAT YOU ARE CLASSIFIED AWAITING TRANSFER TO HOME INTSITUTION, IN THE BODY OF YOUR GRIEVANCE YOU NAME PLETHORA OF SCI CAMP HILL AND CENTRAL OFFICE STAFF, SOME OF WHOM ARE NO LONGER EMPLOYED BY THE PA DEPARTMENT OF CORRECTIONS, AND ATTEMPTS TO QUOTE DOC POLICY AND WHAT APPEARS TO BE CASE LAW, ALTHOUGH IT IS DIFFICULT FOLLOW, IT SEEMS THAT YOUR GRIEVANCE CENTERS ON BEING RECOMMENED TO COMPLETE AOD THREOUTIC COMMUNITY (TC); SPECIFICLY THAT THIS RECOMMENDATION IS RETALITORY  BASED ON REFUSING  SAID PROGRAM UNDER PRIOR DOC NUMBER (GK3993) AND YOUR CLAIM THAT YOU ARE LEGALLY BLIND.

204. AND THEREFORE COULD NOT COMPLETE THIS PROGRAM EVEN YOU CHOOSE TO SO, AS A NEW COMMITMENT, YOU REQUIRED TO COMPLETE THE CLASSIFICATION PROCESS, YOU WERE REQUIRED TO COMPLETE THE CLASSIFICATION PROCESS, WHIVH INCLUDED ASSESSMENT TESTING INTERVIEWS THAT RESULT IN PROGRAM RECOMMENDATION IN THE FORM OF CORRECTIONAL PLAN. IN YOUR PARTICULAR CASE, BASED UPON INFORMATION YOU PROVIDED, IT WAS DETERMINED THAT TC PROGRAMMING IS THE MOST APPROPRIATE LEVEL TREATMENT, THE CLASSIFICATION PROCESS ALSO INCLUDINGA PHYSICAL EXAMINATION, WHICH YOU UNDERWENT ON 7/6/13 NO PHYSICAL LIMINATATIONS WERE NOTED THEN, AND NONE NOTED NOW THE TIME OF GRIEVANCE RESPONSE, THE PBPP WILL EXPECT YOU TO BIDE BY THE RECCENDATION IN THE CORRECTIONAL PLAN, AND I ENCOURAGE YOU TO FOLLOW THROUGH WITH THOSE RECOMMENDATIONS, ONCE YOU REACH YOUR HOME JAIL INSTITUTIONAL SUPPORT FOR PAROLE IS NOT AN ENTITLEMENT IT IS A PRIVLEGE TO BE EARNED THROUGH POSITIVE ADJUSTMENT, WHICH INCLUDES COMPLIANCE WITH RECOMMENDED PROGRAMS, AMONG OTHER CRITERIAS, I TRUST THIS ADDRESS YOUR CONCERNS, I CONSIDER THIS MATTER BE RESOLVED, AND THIS GRIEVANCE BE WITHOUT MERIT.

205. plaintiff appeal jane/ john doe facility manager whom stated Quote,' I AM IN RECEIPT OF YOUR APPPEAL AND HAVE REVIEWD YOUR ORIGINAL GRIEVANCE, AS WELL THE GRIEVANCE OFFICERS RESPONSE, YOUR GRIEVANCE CONTAIN A MULTIPLE OF COMPLAINTS, YOU MENTIONED A NUMBER OF PEOPLE WHO ARE NO LONGER EMPLOYED BY THE DOC, AND OTHER THAT THERE A CONSPIRACY IN REGARD TO YOUR AOD ASSESSMENT RECOMMENDATIONS.

206. I FIND THAT THE GRIEVANCE OFFICER PROPERLY DETERMINED THAT YOUR GRIEVANCE CONCERNS, YOU HAVE PROVIDED NO NEW INFORMATION WHICH WOULD CAUSE ME TO REMAND YOUR GRIEVANCE FOR FURTHER REVIEW, YOU WERE APPROPRIATELY·CLASSIFIED AND THE CORRECTIONAL PLAN IN ACCORDANCE WITH DOC POLICY, I UPHOLD THE INITIAL RESPONSE YOUR APPEAL AND ANY REQUESTED RELIEF DENIED.

207. plaintiff underwent a serious of events while at the DOC in seeking resolution only continued to discriminated and retaliated against by defendants, while seeking resolution grievances [473460 and 478494 ] proven be unsuccessful and pain and suffering, both physical and mentally, in 2005 while in DOC a TC score of (9) reflects [232193 and 230761] behold and make no mistake, the defendants have gone beyond their duty of oath and retaliatory measures to exercise TC placement without wrong doing,

208. plaintiff, despite defendant's actions continued to seek placement in program, the record reflects both while at forest and Dallas programs were not refuse rather un-proscribe although the visual of recommendation appears colorful defendants never place plaintiff in program to participate.

209. the record reflects plaintiff never refuse programs despite the condition of eyes, in whatever case the defendants concluded vision, here in light the defendants first;

1. claim impaired vision;

2. need cataract;

3. no reference to corneal graft;

3. tc recommended;

4. no reference to legally blind;

210. the record reflects plaintiff serving a 1 to 3-year sentence non-violent had plaintiff been proscribe treatment while in the DOC big plausibility would in fact benefit from program. The defendants instead denied programs. Discriminated, retaliated, colorful words on paper but further make it vague and confusion why these defendants strongly recommend program but fail place in program, the record reflects.

1. plaintiff was classified 3 later removed to a custody level 4 by Kachurick why;

2. misconduct free and every misconduct hereto solely the defendant's subtle retaliatory base discrimination to justify TC placement and further refusing to participate in program why?

3. plaintiff, never refused programs rather exercise constitutional rights protected;

4. plaintiff, was never interview for TC placement;

5. no record of consent for such refusal;

6. every misconduct issued was solely to justify constitutional rights over TC placement why;

7. on April26,2013, place in administration custody after screaming for help, place on lock down, cell mate removed, denied showers, food, recreation, daily activities place in a condemn cell under AC-status why;

8. everything this far we conclude stems from 2005 TC score of (9) plaintiff cannot see period. What part does not can and will be interpret that I cannot see. Plaintiff struggles to see. All matters complain and seek why? The defendants took obscene subtle retaliatory conduct to discriminate and further punish plaintiff for special needs, plaintiff also suffers from ADHD that in visual sense not being able see to read and words appear blurry and moving cannot concentrate. However, defendants Virgil and Pierson are liable under common law all defendant's actions reflect said defendants.

211. plaintiff, continued undergo various complaints while in D.O.C. custody, on March 18, 2016, grievance [605169] was forward to bureau heath care services among grievances [605173] and [601209] subsequently the said grievances go as follow.

212. in connection, plaintiff continued undergo vision problems and infection to right eye, plaintiff asserts the rash is in same from surgery,

33.

213 were defendant Virgil diagnose infected corneal graft to right eye with cataract and a clear observation of infection continues to inflict serious bodily injury to eye underwent corneal graft. . The infection hurts, and further places the eye in painful courses and cannot keep eye open. The pain is so severe lights, sun, or shade disturbs the eye. Therefore, affecting both eyes. With sharp pains coming from the back of eye. To relief the pain underwent sleep to avoid the pain temporarily.

214. on (NOVEMBER 17TH, 2015,) underwent a sick call with defendant Loretta, explaining continues suffer from the infection underwent in 2014 was worse, and was advise plaintiff needs to stop arguing with medical staff. Stop lying. And take the treatment given. And no infection exists.

215. plaintiff underwent 5 months left untreated, the defendants continued to send plaintiff to the optometrist whom solely stated he will not review a clear indication of infection coming from eye, but rather was advised to examine eye. The defendants conflicted truth by tell the optometrist and plaintiff two different meeting of the minds and this optometrist at sci Dallas refused to examine eye but rather try proscribing eye glasses to plaintiff ordered by dr. Stanish.

216. plaintiff, here seeking help for treatment and the defendants manipulating records, falsifying medical documents and treatment acting in concert to proscribe glasses when defendant john doe referred me to john doe physician because glasses was not an option. Plaintiff, complaining about an infection causing;

1. infection to corneal right eye;

2. on face, eye, upper eye lid and bottom;

3. can't stand lights and undergo irritation and pain;

4. and itching the irritation;

217. plaintiff underwent sick calls various sick calls prior to said grievances while defendants Loretta continued kick plaintiff from sick call claiming there is no infection and stop faking it. Moreover, continued threaten plaintiff stating Quote,' ROSADO, GET OUT NOW, BEFORE I CALL SECURITY AND PLACE YOU IN R.H.U. GET OUT NOW! plaintiff, every sick call with defendant Loretta been malice, while defendants maholly and martin lea UPHOLD know wrong doing. Likewise, plaintiff still has not been proscribe sun glasses with special tint,

218. plaintiff, underwent 5 months no treatment sick calls proven unsuccessful and threaten be sent R.H.U. if refuse to leave or seek treatment. The defendants continued to test patients. The defendant continued to seek an excuse place plaintiff in R.H.U. but fail to trigger plaintiff to act out as the defendants seek to justify their malice malicious subtle retaliatory conduct.

219. the defendants continued to act in concert and continued to do so, the record reflects the defendant's version and plaintiff version these materials and conduct are not in dispute and state a cause of action without plausibility the defendants are held liable and guilty under common law.

34.

220. on January 6th, 2016, plaintiff was again mistreated at sick call Loretta continued deny sick calls, place on file refusal, records show policy states must sign refusal, on one occasion defendants GAVE A DIRECT ORDER SIGHN OR BE PLACE IN R.H.U. plaintiff during sick call, QUOTE,' ROSADO, GET OUT, GET OUT NOW, YOU HAVE NO INFECTION, LEAVE OR AM CALLING SECURITY YOU HAVE NO INFECTION, LEAVE NOW! Plaintiff, mind boggled the defendants first manipulated the optometrist on 12/22/2015 to evaluate and proscribe glasses, john doe first stated he cannot but dr. Stanish ask to proscribe glasses, the evaluation was for infection, this optometrist at Dallas defendant stated he will not evaluate infection direct orders.

221. plaintiff, left sick call on said date January 6, 2016, stop the LT/major NEW Ms. White and stated Quote,' EXCUSE ME MAY I SPEAK TO YOU? SO, I DON'T WANT YOU THINK AM CRAZY, BUT LOOK AT ME, DO YOU SEE SOME THING WRONG? Yes, I do, WHAT an infection in your face and eye SO YOU CLEARLY SEE THT CORRECT? Yes, I do, WELL IVE BEEN GOING SICK CALL, IVE BEEN THREATEN SEEKING TREATMENT DURING THE COURSE OF 5 MONTHS, I JUST LEFT WAS AGAIN THREATEN AJND STATED AM FAKING IT, I CANNOT KEEP MY EYE OPEN CAN YOU SEE HOW BAD IT IS, yes, what's your name, number, cell, ill straighten it out.

222. plaintiff, underwent a sick call with white before a NEW nurse whom diagnose plaintiff with an eye infection and (7) sick calls to further treat the infection was underwent after the fact. Plaintiff suffered an injury. Plaintiff face and eye was so severe the infection spread. During further examination, various antibiotics and eye drops were proscribe before infection went away.

223. however, plaintiff underwent the last two years until August26,2016, un-proscribe sun glasses with special tint why? Because it contradicted defendant's allegations. As noted thru the subsequent measures previously stated with infection and treatment. The defendants acted in concert and this explains why programs were not proscribe furthermore explains the R.H.U. placement.

224. plaintiff, while at SCI DALLAS smelt death, underwent various encounters defendants pushing limits for plaintiff explode, challenge both physically and mentally. defendants try use other inmates to intimidate plaintiff. Prison officials looking for a motive to place plaintiff in R.H.U. and render him like Israel Guzman. Plaintiff underwent mantle evaluation and was proscribe medication. But stop do to that would gave the defendants the motive and justification of R.I.P. Rosado suicide in R.H.U. plaintiff underwent a serious of mantle challenges that further impair plaintiff to function with daily activities.

225. plaintiff, was rendered legally blind in 2017 by the social security office through an outside physician. In 6 months plaintiff was approved for social security do to legally blind. Plaintiff rest this complaint as the material facts are not in dispute and moves this complaint under common law JURY trial Demanded and under Rule 56 (C) genuine issues of material fact are not in dispute.

PLEASE BE ADVISE,' PLAINTIFF RESERVES THE RIGHT FILE AN AMENDED COMPLAINT, MOREOVER REQUEST TO AMEND (09-0156) CIVIL ACTION BACK TO ITS ORIGINAL JURISDICTIONAL PROCEEDINGS UNDER COMMON LAW,  FURTHERMORE, REQUEST FOR BOTH COMPLAINTS BE AMENDED AND THIS COURT CONCUR WITH CIVIL ACTION (09-0156), Al, Etc.

35.

226. PLAINTIFF, EXHAUSTED ALL ADMINISTRATIVE REMEDIES, AND IN DOING SO FILING GRIEVANCES AND COMPLAINTS SEEKING TREATMENT AND PLACMENT FOR PAROLE ELGIBILITY WHILE REFUSE NO PROGRAMS WAS RETALIATED AGAINST EXERCISING CONSTITUTIONAL RIGHTS.

227. all defendants are held liable under common law and jury trial demanded in [H]is or [H]er individual capacity.

228. the defendants have violated plaintiff serious medical needs, violated the ADA act, any plain adequate remedy under common law, and plaintiff underwent cruel and unusual punishment first, eighth, fourteenth amendment.

229. WHEREFORE, plaintiff request this honorable to enter judgment granting plaintiff.

a. declaration that the acts of omission described herein violated plaintiff's rights under both common law and the united states constitution and laws.

b. a preliminary and permanent injunction ordering defendant, have VIOLATED plaintiff rights and take a disposition under oath of the events with a sonographer and to produce all medical records including all history from 2005 until 2017 and admitted into evidence as plaintiff exhibit to this complaint.

c. a declaration that the acts of omission clearly violated plaintiff rights as evident through the evaluation conducted through the social security office doctors legally blind.

230. a preliminary and permanent injunction issuing the DEPARTMENT OF CORRUPTIONS a TWO HUNDRED THOUSAND DOLLAR FINE donated to charity for kids in need of treatment for the omission of TC placement and stealing federal funding.

231. a preliminary injunction why plaintiff max out sentence and was not proscribe sun glasses with special tint proscribed by doctors and identify who gave the order not to proscribe them.

232. a preliminary injunction why plaintiff was NOT place in program and place in R.H.U. on September 26, 2013.

233. plaintiff pursuant to 42 U.S.C. 1988 seeking compensation for attorney fees, and exercising due diligence in representing this matter NOT pro-se but rather stating a claim and straining eyes to mitigate case to prosecute case as evidence by the evidence of legally blind. A compensation of $ one hundred thousand.

234. furthermore, compensatory damages jointly and severally THREE HUNDRED AND FITHTY THOUSAD.

235. conspiracy damages jointly and severely THREE HUNDRED AND FITHTY THOUSAND.

236. PUNITIVE DAMAGES JOINTLY AND SEVERLY THREE HUNDRED AND SEVENTY-FIVE THOUSAND.

237. PAIN AND SUFFERING JOINTLY AND SEVERLY THREE HUNDRED THOUSAND JOINTLY AND SEVERALLY.

238. IN ALL MEDICAL CLAIMS AND INJURY UNDER COMMON LAW AND DIAGNOSE INFECTED CORNEAL GRAFT AND WHAT FOLLOWS 2.5 MILLION DOLLARS JOINTLY AND SEVERLY.

PLEASE BE ADVISE,' Plaintiff upon the defendants admitting and taken responsibility willing take a settlement and resolve matter upon fair compensation as this court see fits and on all issues otherwise common law trial demanded.

239. any relief this honorable court deems appropriate and equitable; and a preliminary injunction to amend (CA-09-0156) to this action and amend this action with the defendants with civil action in the eastern district.

DATE; July 16th, 2017,

Geronimo rosado fraticelli Jr.

SS; 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

ADDRESS; 401 w. gay st

West Chester, pa. 19380.

I hereby swear the foregoing is true and correct under 4904 under lying under oath. A declaration hereto attaches. And a certificate of service. An ex inmate at sci Dallas. Inmate la5835. Whom max out August 26, 2016.

RESPECTFULLY SUBMITTED;

Geronimo fraticelli rosado Jr.

37.

# CERTIFICATE OF SERVICE;

AND NOW,' this day of July 21, 2017, hereby certify serving the foregoing complaint to the clerk of

courts western district court, Ms. Susan paradise Baxter, magistrate judge. And each defendant a copy

with a copy of forma paupers and request for council. Which satisfies the rules of court under

Fed.R.Civ.P.

By first class mail;

Jeronimo fraticelli rosado Jr.

401 west gay st

West Chester, pa 19380

PHONE (484)757-0266

SOCIAL 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                    MAIL TO ESTAERN DISTRICT ALL COPIES;

RESPECTFULLY SUBMITTED;

39.

# DECLARATION/AFFIDAVIT OF OATH;

I geronimo fraticelli rosado Jr, do hereby swear under 4904 swearing to authorities of 4904 false statements are subject to penalties and imprisonment. I certify that while inmate at sci Dallas, I was discriminated, retaliated, and therefore place in administration R.H.U. for seeking treatment, seeking program, and continued to be. I certify a serious of events underwent and every day I felt and awaken in the smell of death like Israel Guzman prison officials in concert to justify another R, H.U. placement to commit plaintiff under suicide. Plaintiff underwent two years no sun glasses with special tint. Denied sick calls, denied treatment, threaten to be sent R.H.U. seeking treatment. Never refuse TC placement. Plaintiff suffers adverse action both physically and mentally do to the defendant's actions and require further evaluation.  Plaintiff UPHOLDS complaint and further was indeed rendered legally blind and unable proscribe glasses in 2017, the defendants took adverse action and continued do so UPHOLD, complaint, I certify this is plaintiff second state sentence and max out for the defendant's manipulation of records, here in conclusion 2017 was evaluated and rendered legally blind, the defendants actions do not concur the truth, UPHOLD complaint under it entirely. Moreover, plaintiff underwent a corneal graft that as a subsequent result diagnose infected corneal graft and loss of sight and suffers adverse action from said defendants Al, Etc.

RESPECTFULLY SUBMITTED.

38.